HOOD, Judge.
Ferd Scarbrock instituted this suit for damages allegedly sustained by him when his car struck a rock or ball of dirt on a parish road. The defendants are Rapides Parish Police Jury and its insurer, Continental Insurance Company. The trial judge rendered a summary judgment dismissing plaintiff’s suit as to both defendants, and he also rendered judgment sustaining an exception of no right and no cause of action filed by the Police Jury. Plaintiff has appealed.
We have concluded that no error was committed by the trial court in rendering the summary judgment appealed from dismissing the suit as to both defendants, and for that reason it is unnecessary for us to consider the exception of no right or cause of action filed by the Police Jury.
Plaintiff alleges that on October 11, 1966, while driving his automobile on a parish road in Rapides Parish, he struck a rock or ball of dirt in his lane of traffic, and that as a result of that accident his car was damaged and he suffered personal injuries. The petition recites that the accident and injuries resulted from “the negligence, omission and failure on the part of Police Jury, its agents, servants and employees to use the requisite skill and diligence in operating road construction equipment on the highway and working on said highway and leaving large rocks, clods of dirt and debris on the highway, causing a hazardous obstruction to plaintiff and those employing said public highway * * Following that allegation, at least three specific acts of negligence were then alleged with more particularity, but all of these specific acts were included in the above quoted general allegations of negligence.
The petitioner also alleged that at the time of the accident “Police Jury owned or operated a * * * road grader that was employed on the day of the accident in grading said Ruby Road and allowing debris to remain on said highway * *
*503 Defendants filed a motion for a summary judgment dismissing the suit. They based that demand on allegations that none of the work done on the road on which the accident occurred had been performed by the Police Jury or by any of its employees, but that all of such work had been done by an independent contractor, L. H. Bossier, Inc., pursuant to a contract previously entered into with the Police Jury; that the Police Jury exercised no supervision, direction or control over the contractor; that it did not employ L. H. Bossier, Inc.; and that the Police Jury was not working on this road at the time of the accident.
Attached to defendants’ motion for summary judgment is an affidavit signed by the secretary-treasurer of the Rapides Parish Police Jury, which recites that:
“ * * * on September 7, 1966 the Rapides Parish Police Jury let a contract to L. H. Bossier, Inc., 212 Maryland Avenue, Alexandria, Louisiana, for L. H. Bossier, Inc. to asphalt the surface and develop various roads in Ward 11 beginning in September, 1966. At the time of the accident * * * only L. H. Bossier, Inc. had a contract to work on the Rapides Parish roads in Ward 11 and to the best of your affiant’s knowledge, information and belief, only L. H. Bossier, Inc. and not any agent or employee of the Rapides Parish Police Jury was working on the particular road where the above referred to accident happened and that the Police Jury had no control or supervision or direction over L. H. Bossier, Inc.”
Also attached to the motion for summary judgment is a copy of the contract for the resurfacing of that road, which contract had been entered into between Bossier and the Police Jury on September 7, 1966. The contract provides that the contractor shall furnish all materials and perform all work to complete the resurfacing of the road, and that the work is to be performed in accordance with “contract documents prepared by Louis J. Daigre Associates, Consulting Engineers,” which documents were made a part of the contract. A copy of these “contract documents,” prepared by the engineers, was not attached to the copy of the contract which was filed in the record.
A hearing was held on the motion for summary judgment on January 4, 1971. At that hearing plaintiff produced no affidavits or evidence of any kind to contradict the proof which had been produced by defendants, or to set forth facts showing that there is a genuine issue for trial. The minutes of the court show that following that hearing, the matter was taken under advisement by the trial court and that “counsel for plaintiff given 10 days from this date to file a memorandum or amend the petition.”
Plaintiff did not file a memorandum or an amendment within the time allowed, and on March 2, 1971, a summary judgment was rendered by the trial judge in favor of defendants, dismissing the suit at plaintiff’s costs. A formal decree to that effect was signed on March 8, 1971.
On March 11, 1971, plaintiff filed a motion for new trial, and on the same date he also filed a supplemental and amended petition seeking to implead L. H. Bossier, Inc., as a party defendant. The trial court denied the motion for new trial, and this appeal was taken.
We are aware of the rule that the summary judgment remedy is not a substitute for a trial, and that it may not be resorted to when there is a genuine issue of material fact which must be resolved. The burden of showing that there is not a genuine issue of material fact is upon the mover for summary judgment, and all doubts are to be resolved against the granting of the summary judgment and in favor of a trial on the merits. Aymond v. Missouri Pacific Railroad Company, 179 So.2d 460 (La.App. 3 Cir. 1965).
Another well established rule is that when a motion for summary judgment *504 is made and supported by affidavits or other receivable proof, an adverse party may not rest on the mere allegations of his pleadings, but his response, by affidavits or other receivable evidence, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C. P. art. 967; Joiner v. Lenee, 213 So.2d 136 (La.App. 3 Cir. 1968); Mexican Gulf Fisheries, Inc. v. Aetna Insurance Company, 220 So.2d 141 (La.App. 1 Cir. 1969); and Compton v. Crown Zellerbach Corporation, 246 So.2d 397 (La.App. 1 Cir. 1971).
In the instant suit we think the affidavit and contract produced by defendants, if uncontradicted or unchallenged by plaintiff, constitute sufficient evidence to support the summary judgment appealed from. These documents show that the Police Jury had let a contract to Bossier to surface the road upon which the accident occurred, that no other contractor was performing work on that road, that no agent or employee of Police Jury was working on it, that Bossier was not an agent or employee of the Rapides Parish Police Jury, and that the Police Jury had no control or supervision or direction over that contractor.
Scarbrock contends that a genuine issue exists as to whether Bossier acted as the agent of Police Jury in resurfacing this road. He argues that his petition “alleges the possible existence of an agency” between Bossier and the Police Jury, and that defendants have failed to eliminate that as an issue since they did not offer in evidence the “contract documents” prepared by the consulting engineers. He maintains that, “contrary to the allegations of the motion and to the affidavit thereto annexed,” the Police Jury, through its engineer, “maintained certain controls” over the work progress made by Bossier, and that an agency relationship thus existed.
The copy of the contract between the Police Jury and Bossier indicates that Bossier was an independent contractor. The affidavit furnished by defendants recites that the Police Jury had no control or supervision or direction over Bossier, and that no agent of the Police Jury worked on that road. This proof was not contradicted or challenged in any way by plaintiff prior to the rendering of the summary judgment. Under those circumstances we think the trial court was justified in concluding that Bossier was not the agent of the Police Jury and that there was no genuine issue as to that fact. If plaintiff felt that the documents prepared by the consulting engineers would show that an agency relationship existed, then we feel that he should have asserted that fact in a counter affidavit or by other receivable evidence.
Plaintiff produced no counter affidavits or other receivable evidence to contradict the proof offered by defendants or to show that there is a genuine issue of fact, although the trial court allowed him an additional period of time after the hearing within which to do so. Since plaintiff has failed to offer any such proof, we cannot say that the trial judge erred in concluding that there is no genuine issue as to material fact or in rendering the summary judgment sought by defendants.
Plaintiff argues, finally, that the case should be remanded with instructions to allow him to amend his petition to im-plead Bossier as a party defendant. The trial court specifically allowed plaintiff a period of time within which to file amended pleadings and he elected not to do so. We feel that no useful purpose would be served by remanding the case at this time to allow plaintiff another opportunity to amend.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.