347 So.2d 903 (1977)
Bertha HALEY, Plaintiff-Appellant,
v.
CITY OF OPELOUSAS et al., Defendants-Appellees.
No. 6037.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Dwight D. Reed, Opelousas, for plaintiff-appellant.
*904 Devillier, Ardoin & Watson by J. Winston Ardoin, Eunice, Lewis & Lewis by Seth Lewis, Jr., Opelousas, for defendants-appellees.
Before HOOD, FORET and HEARD, JJ.
HOOD, Judge.
This is a damage suit instituted by Mrs. Bertha Haley against the City of Opelousas, the Louisiana Department of Highways and Planter's Trust and Savings Bank of Opelousas, Inc. The trial court rendered a summary judgment dismissing the suit as to the Department of Highways. Plaintiff later amended her original petition praying that the summary judgment rendered in this suit be annulled on the ground that it was obtained by fraud and ill practices. The Highway Department filed exceptions of improper procedure, no right of action and no cause of action. Judgment was rendered by the trial court sustaining those exceptions and again dismissing the suit as to the Highway Department. Plaintiff appealed.
The determining issue presented is whether plaintiff has alleged a cause of action for annulling the summary judgment which dismissed the Department of Highways as a defendant in this suit.
Plaintiff alleges that she was injured when she stumbled and fell as she attempted to walk across Coleman Street, in the City of Opelousas, near the point where that street intersects U.S. Highway 167. She asserts that the City of Opelousas and the Department of Highways were negligent in allowing some pieces of concrete to become dislodged on a curb at that location, and that the accident resulted from that negligence.
The Department of Highways filed a motion for summary judgment praying that it be dismissed as a defendant on the ground that Coleman Street was not a part of the State Highway System. Attached to that motion was an affidavit executed by the Senior Statistician for the Department of Highways, the pertinent portion of which states:
"Coleman Street in Opelousas, Louisiana, was not included among the routes enumerated in Act 40 of 1955, nor has it since been added to the State Route System through action of the Louisiana Department of Highways."
A hearing was held on that motion, and at that hearing the above affidavit was filed in evidence. Plaintiff filed no counter affidavits and no other documents or evidence of any kind in opposition to the motion of the Department of Highways. The trial court thereupon rendered a summary judgment on January 23, 1975, dismissing the suit as to the Department of Highways. No appeal was taken from that judgment.
More than a year later, on July 2, 1976, plaintiff filed an amended petition in this proceeding, alleging that the above summary judgment was obtained by fraud or ill practices, praying that that summary judgment be annulled, and demanding judgment on her principal demand for damages against the City of Opelousas and the Department of Highways. As grounds for annulling the summary judgment, plaintiff alleges that she learned on July 31, 1975, or about six months after the summary judgment was rendered, that portions of Coleman Street are "under the control and right-of-way of the Louisiana Department of Highways," that the affidavit of the Statistician of that Department thus was incorrect, and that for that reason she is entitled to have the summary judgment annulled under LSA-C.C.P. art. 2004.
Plaintiff later amended her petition again to incorporate into her pleadings a plat of survey, prepared by a Registered Land Surveyor on June 6, 1975, which shows a "break" in the concrete curb at a point near the junction of Coleman Street and Highway 167. That plat also shows that the highway right-of-way is wider at the place where it intersects Coleman Street than it is on either side of that point, and that the break in the curb was on the highway right-of-way, rather than on the city-owned servitude for Coleman Street.
In response to the above amended pleadings filed by plaintiff, the Department of *905 Highways filed an exception of improper procedure and exceptions of no right and no cause of action. After a hearing, the trial court rendered judgment sustaining those exceptions and again dismissing the suit as to the Department of Highways. Plaintiff appealed, and that appeal is before us now.
We have decided that plaintiff has failed to allege facts which, assuming those facts to be true, would be sufficient to support a judgment annulling the summary decree rendered by the trial court on January 23, 1975. We have concluded, therefore, that there is no error in that part of the trial court judgment which sustains the exception of no cause of action filed by the Department of Highways. In view of that conclusion, it is unnecessary for us to consider or determine the procedural questions raised by defendant.
No facts are alleged in the pleadings, and there is no evidence in the record, which purport to show that the statements contained in the affidavit executed by the Statistician of the Department of Highways is incorrect. The substance of his statement, insofar as it conceivably could be material here, is that Coleman Street was not included in the State Route System, either by Act 40 of 1955 or through any subsequent action of the Highway Department. We find nothing in any pleadings or in the evidence which contradicts that statement, and we do not understand that plaintiff even contends otherwise.
We concede, accepting the factual allegations in the pleadings as being true, that several months after the above summary judgment was rendered plaintiff discovered that the accident occurred on the right-of-way of the Highway Department, instead of on the right-of-way of a city street. Plaintiff does not allege or contend, however, that that circumstance was concealed from her, or that it could not have been discovered by her by the exercise of reasonable diligence prior to the rendering of the summary judgment.
On December 19, 1974, which was a few days before the Highway Department filed its motion for summary judgment, plaintiff filed an amended petition in which she alleged that "as traffic cleared, she proceeded across Coleman Street, but as she stepped out her foot caught on a piece of concrete which was dislodged and sticking out into Coleman Street." Plaintiff thus specifically alleged that the accident occurred on Coleman Street, a city thoroughfare. There is no showing that the Department of Highways knew or had any reason to know that the incident occurred on the state highway right-of-way instead of on a city street, and under the above allegations it clearly was justified in assuming that it occurred on Coleman Street. There was no deceit on the part of the Highway Department in pleading or proving that Coleman Street was not in the State Route System, and the judgment which plaintiff seeks to annul thus was not obtained by fraud or ill practices. The uncontradicted proof produced by the Highway Department was sufficient to support the judgment which was rendered by the trial court.
Our jurisprudence is settled that if the mover at the trial of a motion for summary judgment produces convincing proof by affidavits or other receivable evidence of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then the conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings. See LSA-C.C.P. arts. 966 and 967; Joiner v. Lenee, 213 So.2d 136 (La.App. 3 Cir. 1968), and cases cited therein.
In the instant suit, the Highway Department, which filed the motion for summary judgment, produced convincing proof of the facts on which that motion was based. No counter affidavits or other receivable evidence to contradict that proof was filed by plaintiff. The trial judge thus was justified in concluding that there was no genuine issue as to any material fact. On the basis of the uncontradicted evidence produced by the mover, he correctly rendered a summary judgment dismissing the Department of *906 Highways as a defendant. Plaintiff did not appeal, and that judgment has become final. Plaintiff has alleged no fraud or ill practices which would warrant the annulling of that judgment. We hold that plaintiff is not entitled to have the summary judgment annulled under LSA-C.C.P. art. 2004, simply because she recently discovered some new evidence, especially since it appears that that evidence was available to and was never concealed from her prior to the rendering of the above judgment.
We conclude that there is no error in the judgment of the trial court which sustains the exception of no cause of action filed by the Department of Highways and dismisses plaintiff's action as to that defendant.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.