378 So.2d 607 (1979)
Dr. James W. WELCH, Jr., Plaintiff-Appellant,
v.
Clifford DAIGREPONT, Defendant-Appellee.
No. 7216.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
Ledbetter, Percy & Stubbs, J. Michael Percy, Alexandria, for plaintiff-appellant.
Steven W. Harris, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
This is an action for damages brought by plaintiff, Dr. James Welch, Jr., to recover damages resulting from the filing of a materialman and laborer's lien by defendant, Clifford Daigrepont. A summary judgment was awarded in favor of the defendant, dismissing plaintiff's suit. From this adverse judgment plaintiff has perfected this appeal.
This suit is a sequel to prior litigation between these parties. On February 12, 1975, plaintiff purchased a tract of land in Rapides Parish, part of which is called the "Rosalie Plantation" from Peter Tattersall. For several years prior to the conveyance of this property to plaintiff, defendant had performed various projects on the plantation for Tattersall. The working arrangement between Tattersall and the defendant was dissolved when Tattersall became insolvent and sold the land to plaintiff in 1975.
On March 7, 1975, approximately a month after Tattersall had conveyed the plantation to Welch, defendant filed an affidavit, pursuant to LSA-R.S. 9:4812, creating a lien on the plantation to secure the payment of $16,180.50. This amount represents materials and labor furnished by defendant in the performance of work on the plantation.
Plaintiff, in order to protect his interest in the property, bonded out the lien in accordance with LSA-R.S. 9:4842.
*608 Daigrepont then filed suit against Welch, Tattersall, and United States Fidelity and Guaranty to enforce his claim which was secured by the bond issued by the latter. The trial court rendered judgment in favor of Daigrepont. On appeal, this Court, finding the lien filed by Daigrepont was invalid, having been filed untimely, reversed the trial court and rendered judgment in favor of defendant, dismissing Daigrepont's action. Daigrepont v. Welch, 358 So.2d 1302 (La.App. 3 Cir. 1978). Thereafter, plaintiff filed this action seeking recovery of attorney's fees pursuant to LSA-R.S. 9:4821.[1]
Plaintiff assigns as error the trial court's rendering of judgment in favor of defendant.
A motion for summary judgment should be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts and that the mover is entitled to judgment as a matter of law. LSA-CCP Article 966. Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977).
Defendant moved for summary judgment contending that plaintiff was not entitled to recover attorney's fees under LSA-R.S. 9:4821 because the lien recorded against plaintiff's property was cancelled prior to defendant's receipt of plaintiff's letter demanding cancellation of the lien.
Contained in the record is an affidavit executed by defendant in support of his motion for summary judgment, which states that the lien was cancelled on March 24, 1975, almost two years prior to any demand by the plaintiff for cancellation of the lien. Attached with the affidavit was a certificate of cancellation in which a deputy clerk of court for Rapides Parish, Loula Shirley, certifies that the lien was cancelled on March 24, 1975. This affidavit was filed pursuant to LSA-CCP Article 967 which states, in pertinent part:
"Art. 967. Same; affidavits
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits."
Defendant's motion for summary judgment was properly supported by an affidavit based on personal knowledge. LSA-CCP Article 967 also states, in pertinent part:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
Under the above quoted provision, plaintiff was required to set forth, by affidavit or otherwise, specific facts showing a genuine issue for trial. Plaintiff failed to file any affidavits in opposition to the motion for summary judgment. Since plaintiff did not contradict defendant's affidavit, which states that the lien was filed in good faith *609 and cancelled on March 24, 1975, no genuine issue of material fact remained for trial.
Motion for summary judgment should be granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-CCP Article 966. It is well settled in our jurisprudence that a plaintiff, when confronted with a motion for summary judgment, may not rest on the mere allegations of his pleadings, but his response, by affidavits or other receivable evidence, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Haley v. City of Opelousas, 347 So.2d 903 (La.App. 3 Cir. 1977); Scarbrock v. Continental Insurance Co., 254 So.2d 501 (La. App. 3 Cir. 1971).
LSA-R.S. 9:4821 allows recovery of attorney's fees only if a lien, which was filed arbitrarily and capriciously, is not cancelled within thirty days after receipt of a letter by certified mail demanding cancellation.
According to defendant's uncontradicted affidavit, the lien was cancelled on March 24, 1975. Defendant did not receive a letter demanding cancellation until May 3, 1977. Since the lien had been cancelled prior to defendant's receipt of the letter demanding cancellation, defendant was entitled to judgment in his favor as a matter of law.
The trial court stated in its written reasons:
The court notes that this statute (LSA-R.S. 9:4821] was added to the `private works act' in 1976. Up to the time of its addition, the jurisprudence was well established that in cases such as this, damages were not allowed the property owner unless the wrongful lien recordation was made in bad faith and/or with malice. Dixon [sic] v. Moran, 344 So.2d 102 (La.App. 2 Cir. 1977); Patterson v. Lumberman's Supply Co., Inc., 167 So. 471 (La.App. 2 Cir. 1936). This is consistent with the basic principle that courts cannot inflict damages on a party for resorting in good faith to law for the protection of his rights. Hurwitz v. Lotz, 133 So. 351 (La.1931).
"The penalty provision of LSA-R.S. 9:4821 regarding attorney's fees is stricti juris and should be imposed only in those instances in which the facts clearly indicate the reasonableness of the lien."
After review of the record, we have determined that the filing of the lien by defendant was not arbitrary and capricious, but was done in good faith.
We note that in the case previously before this Court involving these two parties litigant, at no time did we say or even infer that the work that Daigrepont had performed was not of a lienable nature under LSA-R.S. 9:4812.
We do not reach the issue of whether or not any privilege or lien still existed on the property after the bond was furnished pursuant to LSA-R.S. 9:4821 since the lien was in fact cancelled. As noted earlier, the lien had been "cancelled in full" on March 24, 1975, the day it was bonded. The contractor's claim, which had been secured by the lien, was then secured by the bond.
For the reasons assigned above, the judgment of the trial court is affirmed. All costs of this proceeding are assessed against the plaintiff-appellant, James W. Welch, Jr.
AFFIRMED.
NOTES
[1] "Any owner of immovable property against which a lien has been filed shall be entitled to judgment canceling such lien upon proof in a summary proceeding that the lien is invalid. In the event the owner by certified mail to the lien claimant requests the cancellation of the lien and states the reason why the lien is invalid, and the lien is not canceled within thirty days after receipt of such written request, the owner, upon successful prosecution of his suit and a showing that the refusal to cancel the lien was arbitrary, capricious, and unreasonable, shall be entitled to reasonable attorney's fees.

For the purposes of this Section, filing a return receipt into the proceedings indicating a receipt of the letter by the lien claimant and the date received, together with a copy of the letter, shall constitute sufficient proof of making the request for cancellation of the lien."