DOMENGEAUX, Judge.
This is an appeal brought by defendants-third party plaintiffs, J. R. Young and Memphis Farms, Inc., hereinafter collectively referred to as Young,[1] from a judgment of the Twelfth Judicial District Court, Avo-yelles Parish, Louisiana, granting a motion for summary judgment on behalf of third party defendant, John Ab Boatner (Boat-ner).
In the main demand of this lawsuit plaintiff, Reven L. Fontenot (Fontenot), as lessee, seeks damages against Young, as lessor, for failure of Young to perform certain acts in a written lease of agricultural land. Of *1258 primary import was Young’s obligation under the terms of the lease to furnish two water wells for the irrigation of a rice crop which Fontenot was to plant on the premises. By way of third party demand, Young alleges that his failure to perform under the lease was due to the actions of Boatner, and accordingly, if Young should be cast in judgment on the main demand, then Boat-ner should be cast in judgment to him for a like amount.
Other than the pleadings, the only evidence introduced in this motion for summary judgment is the deposition of Young, collectively from which, we ascertain the facts of this case to be as follows:
In May of 1979, Young was approached by Fontenot relative to leasing the land owned by Memphis Farms, Inc. for the purpose of planting rice for that year. As a short crop was anticipated, Young agreed to accept thirty-five percent of the crop as consideration for the lease. One of the terms agreed upon was that Young would put down two water wells on the property to supply water for the rice production.
Before reducing their agreement to writing, Young approached the Bunkie Bank in Bunkie, Louisiana, for a loan which would net him in the neighborhood of $75,000.00, this being his estimated cost of digging and equipping the wells he was to furnish under the terms of the lease. As part of the collateral for its granting the loan, the Bunkie Bank was going to require a pledge of the crop Young was to receive from the lease of the land.[2]
While the bank was processing his loan Young and Fontenot approached Boatner, who was Fontenot’s attorney, to prepare a written lease. Boatner was also attorney for the Bunkie Bank and a member of its Board of Directors.
Following this initial meeting between Fontenot, Young, and Boatner, a lease was prepared by Boatner which supposedly contained the full agreement between the parties. This lease was given to Young for review. Subsequently, Fontenot and Young agreed to have Boatner make some changes in the lease, and several days later, Young went to Boatner’s office to sign the lease in its final form.
As is shown by a copy of the executed lease which is in the record, that lease and the prior lease given Mr. Young for review are not identical. The new lease reflects the parties’ intention to change the size of the water wells. Additionally, Boatner added to the executed lease a provision that lessee is to instruct the drier or mill to issue checks, in payment of lessor’s thirty-five percent rice ownership payable to lessor and Northwestern National Life Insurance Company[3] in accordance with a previous assignment and mortgage executed by Young. Boatner likewise deleted a provision which specifically gave Young the right to pledge his share of the crop.
After the execution of the lease, Young was advised by the Bunkie Bank that his loan had been disapproved. The fact that his lease was changed in a manner considered significant by him, and the fact that the loan was disapproved, led Young to conclude that he did not have the legal right to pledge his crop. It was not until many months later, in fact not until October, 1979, that Young learned that he did have the right to pledge his crop under the terms of his mortgage, and did in fact pledge his crop for a loan to pay the annual installment due on his mortgage with Northwestern National Life Insurance Company.
Fontenot filed suit against Young for damages arising out of Young’s breach of the lease agreement between them. Young in turn third-partied Boatner claiming that due to Boatner’s misrepresentations he (Young) was unable to secure financing *1259 necessary to comply with his obligations under the lease. Boatner then moved for summary judgment which was sustained by the trial judge. This appeal followed.
Young, in his third party petition against Boatner, contends, among other things, that:
(1) Boatner was aware that he (Young) had applied to the Bank of Bunkie for a loan to finance the obligations under the lease with Fontenot, and Boatner expressed confidence to him that the loan would be approved;
(2) Subsequent to the execution of the lease, Boatner told Young that he (Boatner) advised the Bank of Bunkie to refuse the loan because the bank could not obtain a pledge on the lessor’s share of the crop, inasmuch as it was already pledged to Northwestern National Life;
(3) He relied on Boatner’s representation concerning the inability to pledge his share of the crop, and therefore, did not immediately seek financing from additional sources;
(4) He later learned that Boatner’s representations were erroneous, and because of these foregoing misrepresentations and changes in the lease contract, he (Young) was unable to acquire the capital needed to dig, maintain and fuel the wells he had agreed to furnish under the terms of the lease.
A motion for summary judgment should be granted if there is no genuine issue of material fact and a mover is entitled to judgment as a matter of law. La.C.C.P. Article 966. It is well settled that plaintiff, when confronted with a motion for summary judgment, may not rest on the mere allegations of his pleadings, but his response by affidavits or other receivable evidence, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La.C.C.P. Article 967; Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir. 1979); Haley v. City of Opelousas, 347 So.2d 903 (La. App. 3rd Cir. 1977); Searbrock v. Continental Insurance Company, 254 So.2d 501 (La.App. 3rd Cir. 1971).
In support of his motion for summary judgment Boatner introduced the deposition of Young. In his deposition Young admits that Boatner never guaranteed that the loan would be approved, or that Boat-ner rendered any opinion one way or another. Young further admits in his deposition that the allegation that Boatner told him that he (Boatner) advised the Bunkie Bank to refuse the loan, simply is not true. When asked if Boatner made any representations as to whether or not Young could pledge his portion of the crop, Young confessed that the matter wasn’t discussed.
It appears that Young’s misgivings concerning his inability to pledge his share of the rice crop were based upon his own conclusions or possibly those of a representative of the Bank of Bunkie. In any event, Young admits that he has no personal knowledge that Boatner made any such representations to anyone.
In another part of Young’s deposition he acknowledged the fact that at no time was Boatner representing him or was he (Young) ever under that impression. Finally, Young admits that his failure to obtain a loan caused him no harm whatsoever, in that he supplied water as needed from the bayou and in greater quantities than would have been possible through the pump. Young was also able to finance ninety percent (90%) of his other obligations under the lease through alternate financing.
Young, on the other hand, failed to file any counter affidavits or other receivable evidence in opposition to Boatner’s motion for summary judgment. Young chose instead to rely on his deposition only, the context of which we have discussed above. Under the facts as presented, the trial judge thus was justified in concluding that there was no genuine issue as to any material fact. On the basis of the uncontradict-ed evidence produced by the mover, the trial judge correctly rendered a summary judgment dismissing Boatner as third party defendant. See Welch, Hailey, and Scar-brock, supra.
*1260 Por the above and foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are to be taxed against defendants-third party plaintiffs-appellants.
AFFIRMED.

. Memphis Farms is a corporation with Young as its sole shareholder.

. Additionally, Young alleges that the bank was going to loan him $50,000.00 to pay off a mortgage on his home and some equipment so that it could get a first mortgage on those items, and have a second mortgage on the farm.

. Northwestern National Life Insurance Company is the company which held a first mortgage on the farm.