KING, Judge.
The sole issue presented by this appeal is whether or not the trial court properly *233 granted the defendant’s motion for summary judgment.
Plaintiff, Ricky P. Menard, (hereinafter Menard) appeals from a summary judgment granted in favor of defendant, UCAR Pipeline Incorporated (hereinafter UCAR), dismissing his suit for alleged damages based on breach of contract. Menard argues that the summary judgment was improperly granted because there exists a genuine issue of material fact. We affirm.
FACTS
On September 29, 1975 UCAR contracted with Menard’s present landlord, Wendell David, to obtain a servitude which gave UCAR the right to construct and maintain an underground pipeline across David’s property in Vermilion Parish, Louisiana. The right-of-way agreement obligated UCAR to pay David and/or his tenants for damages caused by UCAR’s exercise of the rights of servitude granted in the contract.[1] The relevant portion of the right-of-way agreement reads as follows:
“Grantee agrees to pay Grantor and/or Grantor’s tenants for any damages that may be caused to livestock, land, crops, pasturage, timber, canals, levee systems, private roadways, fencing or buildings by the exercise by Grantee of the rights herein granted, whether such damage be caused by Grantee, its agents, servants, or employees, or by contractors or subcontractors who do any part of the work by laying or constructing said line, and whether such damage be sustained before, during or after construction of said pipeline.”
At the same time the right-of-way agreement was executed and in exchange for the payment of $6,550.00, as payment and settlement in advance for all damages of every kind and character caused or to be caused to David and the property, David also signed a receipt for payment of damages releasing UCAR from any liability to him or his tenants incurred under the terms of the right-of-way agreement by reason of or incidental to the “construction (only)” of the pipeline. The release specifically did not apply to any damages caused by the future operation, repair or maintenance of said pipeline. The wording of the release provided that:
“This Receipt shall be deemed to be and is a complete discharge, release and satisfaction of the obligation of said company to pay the damages caused by the construction (only) of said line and of the promise to pay the damages contained in' a Right of Way Agreement heretofore or simultaneously executed by the owners of said premises to said company., provided clean-up release is granted by landowner and or tenant.”
Once construction of the pipeline was completed, David signed the requisite clean up release thereby perfecting the receipt for damages and releasing and discharging UCAR of its obligation under the right-of-way agreement to pay David and his tenants for damages to the property incurred by reason of or incidental to the construction of the pipeline.
In 1980, David leased a part of the property that is subject to the pipeline right-of-way to Menard who began to farm the land. Menard alleges in his petition that the fill dirt in the pipeline trench was softer than the surrounding area and that he suffered $53,879.83 in damages when, on two separate occasions, his farm machinery became stuck in the soft mud covering the trench. Menard alleges that he notified UCAR of the problem and requested UCAR to remedy the situation and upon their failure to act, he was forced to level and properly backfill the trenches himself. Menard then brought this suit for damages alleging that UCAR breached its right-of-way agreement with David which bound it to pay the landowner or his tenants for any damages caused by the cover up operations after the laying of the pipeline. UCAR filed a motion for summary judgment arguing that there is no genuine issue of material fact that the above-quoted receipt and release is a defense to this suit and that it *234 is entitled to dismissal as a matter of law. The trial court agreed and granted a summary judgment dismissing the suit. Me-nard appeals and we affirm.
SUMMARY JUDGMENT
A summary judgment is properly granted where the pleadings, depositions, admissions, affidavits and supporting documents show there is no material issue of fact and the moving party is entitled to judgment as a matter of law. LSA-C.C.P. articles 966, 967; Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir.1982), writs den., 429 So.2d 147 (La.1983). The purpose of a summary judgment is to “expeditiously dispose of cases involving only issues of law.” Scanlan v. Haristy, 316 So.2d 841 (La.App. 3rd Cir.1975). However, it should only be granted when reasonable minds must inevitably conclude that the moving party is entitled to judgment on the facts submitted before the court. Woodson Const. Co. v. R.L. Abshire Const., 459 So.2d 566 (La.App. 3rd Cir.1984). Furthermore, all doubts concerning the propriety of the summary judgment must be resolved against the party seeking it. Woodson Const. Co. v. R.L. Abshire Const., supra. However, once the party seeking a summary judgment meets his burden of showing no material fact exists, the burden shifts to his opponent to offer evidence showing that an issue of material fact exists. Welch v. Daigrepont, 378 So.2d 607 (La.App. 3rd Cir.1979).
LSA-C.C.P. Article 967 provides in pertinent part:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him....”
In support of its motion for summary judgment, UCAR filed the right-of-way agreement, the $6,550.00 receipt for damages which releases UCAR from liability for damages caused by the construction of the pipeline, and the clean up release which perfected the receipt for damages. Me-nard does not dispute the authenticity of the documents. Furthermore, Menard’s petition contains an admission that his damages were caused by the improper back filling of the pipeline trench, which was part of the construction of the pipeline. Menard’s petition contains the following allegations:
“VI.
Petitioner, RICKY P. MENARD, shows that he notified UCAR PIPELINE INCORPORATED of certain defective work which had been done by the Defendant in its cover-up operations after the laying of the pipeline.
* * * * * *
“IX.
More specifically, Petitioner shows that by Defendant’s constant refusal to correct improperly backfilled pipeline trenches despite this being brought to the attention of Representatives of UCAR PIPELINE INCORPORATED, Petitioner has suffered the following damages, to-wit: _”
Thus, UCAR sufficiently met its burden of proving that there was no issue of material fact -and that it was entitled to judgment as a matter of law. The receipt for damages released UCAR from any liability for damages caused by the construction of the *235 pipeline, to the owner of the land and his tenants, such as plaintiff.
Since UCAR met its burden of proof by introducing the three documents and referring to Menard’s own petition, the burden shifted to Menard to show that a material fact did exist. LSA-C.C.P. Art. 967; Welch v. Daigrepont, supra. Menard argues that a material issue of fact exists because he and UCAR disagree as to whether his damages were caused by UCAR’s improper construction of the pipeline or by UCAR’s operation, maintenance or use of the pipeline. However, Menard failed to file any affidavits or other evidence permitted by LSA-C.C.P. Art. 967 to support his contention that his damages were caused by UCAR’s operation, maintenance or use of the pipeline. As noted in Welch v. Daigrepont, supra:
“It is well settled in our jurisprudence that a plaintiff, when confronted with a motion for summary judgment, may not rest on the mere allegations of his pleadings, but his response, by affidavits or other receivable evidence, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Haley v. City of Opelousas, 347 So.2d 903 (La.App. 3 Cir.1971); Scarbrock v. Continental Insurance Co., 254 So.2d 501 (La.App. 3 Cir.1971).”
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this proceeding are assessed against the plaintiff-appellant, Ricky P. Menard.
AFFIRMED.

. At the time the contract was executed, Menard was not a tenant of David.