CIACCIO, Judge.
Plaintiffs appeal from the trial court’s granting of defendants’ motion for partial summary judgment, dismissing plaintiffs’ claim for death benefits. We affirm the judgment of the trial court.
FACTS
On November 15, 1987, Nevis Allen, an employee of City Wholesale Liquor Co., was injured on the job when a case of liquor fell onto his right leg. He was treated at Touro Infirmary on November 16, 1987 for an injury to his right femur, and was then referred to Charity Hospital, where he was diagnosed for the first time as having an advanced stage of cancer. Nevis Allen died on May 11, 1988. The cause of death listed on decedent’s death certificate was metastatic carcinoma of the lung.
Prior to his death, Nevis Allen filed a petition for workers’ compensation benefits against his employer, City Wholesale Liquor Company and their insurer, alleging that he was totally disabled as a result of this injury to his leg. After the death of Mr. Allen on May 11, 1988, his widow, Beulah Allen, and Mr. Allen’s children filed a claim for death benefits and funeral expenses against the same defendants, alleging that the work-related injury suffered by Mr. Allen had accelerated his cancerous condition which resulted in his death. These lawsuits were consolidated and defendants filed a motion for partial summary judgment alleging that Mr. Allen’s death was due to lung cancer and was not in any way caused by his work-related accident. The trial court granted the motion, dismissing plaintiffs’ claim for death benefits.
The central issue presented here is whether there is any causal connection between Mr. Allen’s death on May 11, 1988 and the employment accident he suffered on November 15, 1987.
On appeal, plaintiffs contend that thé trial judge erred in finding no genuine issue of fact as to the cause of death of Nevis Allen. Plaintiffs also contend that there is an issue of fact as to whether Mr. Allen’s leg injury accelerated his pre-exist-ing cancerous condition.
A summary judgment will only be granted if
“the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
La.C.C.P. Art. 966. On review an appellate court’s duty is to determine whether the supporting documents presented to the court were sufficient to resolve all material factual issues. If so, we must then consider whether any evidence presented by the opposing party tended to show that material facts were still at issue. Davis v. Oilfield Scrap & Equipment Co., 482 So.2d 970 (La.App. 3rd Cir.1986).
Under our worker’s compensation statute, the dependents of an employee are entitled to benefits for injury causing death to the employee where the employee’s injury results from an accident arising out of and in the course of his employment. La. R.S. 23:1031; La.R.S. 23:1231. The plaintiff in such a proceeding has the burden of establishing the causal relationship between the death and the employment by a reasonable preponderance of the evidence. *1215 Hammond, v. Fidelity & Cas. Co. of New York, 419 So.2d 829 (La.1982).
It is firmly established in Louisiana jurisprudence that in suits for compensation under the worker’s compensation act for death or disability, a plaintiff-employee’s disability (or in this case death) will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition (or death). This presumption is not a conclusive one; rather, it compels the defendant to come forward with sufficient contrary evidence to rebut it. Further, the fact that a condition is preexisting does not preclude recovery for the disabled employee; the employer takes the employee as he is, and the fact that the disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. The employee’s disability is compensable if a preexisting disease or condition is activated or precipitated into disabling manifestations as a result of a work accident. Hammond v. Fidelity & Cas. Co. of New York, supra; Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982); Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
From the evidence in the record before us, we find that the death certificate indicates that the cause of Mr. Allen’s death was metastatic lung carcinoma. Further, in support of its motion for summary judgment, defendants introduced excerpts from a deposition of Dr. Leonard Thomas, an oncologist or cancer specialist, who reviewed Mr. Allen’s medical records from Charity Hospital. Dr. Thomas stated that Mr. Allen was diagnosed in November, 1987 as having an advanced stage of cancer which had been developing over a period of several months. Although Mr. Allen may not have experienced symptoms of the disease prior to the November 15, 1987 incident, Dr. Thomas stated that he knew of no evidence to suggest that trauma to a tumor such as a blow to the leg causes the growth of the cancerous tumor to accelerate. Such a trauma would only cause the tumor to hurt sooner than it normally would have, and bring the patient to medical treatment more quickly.
Dr. Thomas further stated that Mr. Allen’s death approximately six months after the cancer was discovered was an expected occurrence given the advanced stage of Mr. Allen’s disease. Dr. Thomas concluded that in his opinion the injury to Mr. Allen’s leg on November 15, 1987 had no relation to the growth of the cancer, which was the ultimate cause of Mr. Allen’s death.
Thus, the medical evidence presented clearly establishes that the cause of Mr. Allen’s death was due to an advanced stage of cancer which had no causal relationship to the injury sustained by Mr. Allen on November 15, 1987. Plaintiffs have presented no evidence to rebut the positive deposition of Dr. Thomas, and based on the record before us, we conclude that plaintiffs have failed to put the issue in dispute as to whether the blow to Mr. Allen’s leg could have aggravated or accelerated his pre-existing condition, which ultimately caused his death. We believe the district court was correct in finding no genuine issue of fact remained as to whether plaintiffs could pursue a claim for death benefits. Accordingly, we affirm the judgment of the trial court. All costs of this appeal are to be borne by plaintiffs.
AFFIRMED.