612 So.2d 253 (1992)
Yula R. DANNA
v.
BARQ'S, INC.
No. 92-CA-1032.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
*254 Sessions & Fishman, Donald R. Mintz, Michael A. Berenson, New Orleans, for plaintiff-appellee Yula R. Danna.
William Lee Guice, III, Biloxi, MS, Edward J. McCloskey, McCloskey, Langenstein & Stoller, New Orleans, for defendant-appellant Barq's Inc.
Before KLEES, LOBRANO and JONES, JJ.
KLEES, Judge.
Defendant appeals the district court's granting of summary judgment finding plaintiff was entitled to judgment on her promissory note. We affirm.
Plaintiff, Yula R. Danna entered into an Asset Purchase Agreement with defendant, Barq's Inc., on May 6, 1988, to sell her interest in Barq's Inc. and certain assets in Barq's Beverages Inc. ("BBI"), a corporation holding the rights to bottle, sell, and distribute the products in New Orleans. At the closing of the sale on May 18, 1988, defendant paid $3,750,000 of the $4,650,000 purchase price. Of the remaining $900,000 purchase price, $400,000 was represented by two promissory notes for $200,000 each. Barq's failed to pay one of these promissory notes and plaintiff instituted the present suit.
Also on the closing date, the parties entered two additional agreements, a Holdback Agreement and a Liquidation Agreement. The Holdback Agreement concerned the remaining $500,000 of the purchase price, which Barq's withheld as indemnity against BBI's creditors claims. The Liquidation Agreement involved the liquidation of BBI and payment of BBI's debts and liabilities. To further BBI's orderly liquidation and avoid foreclosure Barq's guaranteed BBI's debts to Whitney Bank.
Defendant claimed it had no obligation to pay the promissory note because plaintiff had breached her obligations under the Liquidation Agreement. Plaintiff allegedly refused to consent to the sale of BBI's assets and interfered with BBI's orderly liquidation. In its amended answer, deemed filed as of March 10, 1992, defendant set forth affirmative defenses of extinguishment, failure of consideration, and compensation. Defendant also included a reconventional demand seeking the $233,023.83 which Barq's had to pay Whitney Bank pursuant to its guaranty of BBI's debts.
Plaintiff filed a Motion for Summary Judgment on January 14, 1992 based on defendant's failure to show any breach of plaintiff's obligations under the Asset Purchase Agreement, the agreement pursuant to which defendant was entitled to setoff against the promissory note. In addition, plaintiff asserted that Barq's affirmative defenses were not affirmatively plead in its answer, and are thus barred.
The trial court granted plaintiff's Motion for Summary Judgment on March 13, 1992. The defendant appealed.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.-C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836, 845 (La.1989).
On review of a grant of summary judgment, the appellate court determines whether the supporting documents were sufficient to resolve all material factual issues. If so, the court then considers whether any evidence presented by the opposing party tended to show that material *255 facts were still at issue. Allen v. City Wholesale Liquor Co., 563 So.2d 1213, 1214 (La.App. 4th Cir.1990); citing Davis v. Oilfield Scrap & Equipment Co., 482 So.2d 970 (La.App. 3rd Cir.1986).
The party opposing the motion for summary judgment however, cannot rest on the mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Scarbrock v. Continental Ins. Co., 254 So.2d 501, 503-504 (La.App. 3rd Cir. 1971). Plaintiff asserts that defendant's affirmative defenses are barred. The court granted defendant leave of court to amend its answer and assert its affirmative defenses. The amended answer was filed before the grant of summary judgment and defendant relied on these defenses in its memorandum in opposition to summary judgment. Therefore, the defenses were timely and properly considered in the motion for summary judgment.
The uncontested facts reveal that defendant made the note and that plaintiff is the owner and holder of the note. The note states:
This note has been issued in connection with the purchase by [Barq's] of all of the rights and certain of the assets used in the business of manufacturing and distributing Barq's soft drink products in a certain territory pursuant to an Asset Purchase Agreement (the "Agreement"). In the event [Barq's] shall be entitled to any claim for indemnification pursuant to the Agreement, [Barq's] may deduct or set off against the principal amount or against interest the amount of any such claim.
Section 13.4 of the Asset Purchase Agreement states those situations that would entitle defendant to indemnification. It provides:
Danna will indemnify purchaser from losses in connection with (a) the breach of any representation or warranty made by Danna under this Agreement; (b) any breach of performance of any covenant or obligation set forth in this Agreement; (c) ...
Defendant is unable to show a breach of any obligation in the Asset Purchase Agreement; but rather, it relies on the premise that all three agreements should be read as one, so that a breach of an obligation under the Liquidation Agreement entitles defendant to indemnification under 13.4(b) of the Purchase Agreement.
In opposition to the Motion for Summary Judgement, defendant submitted the affidavit of John E. Koerner, III, President of Barq's Inc., who stated that it was the intent of all the parties that the documents involved be read as a whole in determining the rights, intent, and obligations of the parties.
However, plaintiff correctly states that when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046; Diefenthal v. Longe Vue Management Corp., 561 So.2d 44, 51 (La. 1990).
In the present case, the contract provisions limit those situations where defendant is entitled to indemnification and setoff against the note, to a breach of any obligations "set forth in this Agreement," obviously referring to the Purchase Agreement. In addition, reading the provision in this manner does not make the contract ambiguous.
Therefore, the question in this case is one of law. If the agreements are to be interpreted as one contract, would plaintiff's breach of any obligation contained within the entire agreement entitle defendant to indemnification?
Defendant directs the court to Hirsh v. Miller, 167 So.2d 539, 543 (La.App. 4th Cir. 1964) and Staple Cotton Cooperative Assn. v. Pickett, 313 So.2d 612, 614 (La. App. 4th Cir.1975), which it suggests stand for interpreting a series of contracts as one agreement. Plaintiff agrees that all agreements should be read together, but asserts that it does not suggest that a default under one agreement is a default under another.
*256 Defendant's argument is without merit. The cases cited do stand for the rule that these agreements, entered contemporaneously, are interrelated and should be construed together as one contract. However, this rule does not imply that a specific provision in one agreement entitling a purchaser to indemnity for breach of obligations contained therein, automatically entitles purchaser to indemnity for breach of obligations in the other related documents.
Similarly, defendant's defense of failure of consideration lacks merit. Defendant claims that plaintiff breached the Liquidation Agreement by failing to attend meetings, mismanagement of funds, and unreasonably withholding her consent to liquidate. However, even if plaintiff's agreement to liquidate BBI was part of the consideration for the purchase of the company assets, the agreement did not definitively provide a time limit for liquidation to be accomplished.
Plaintiff argues that the deadline was December 31, 1988 as per Section 1.4 of the Liquidation Agreement, which was never achieved. Also, Barq's president testified in his affidavit that the parties' intent was for orderly liquidation to occur within 120 days of the sale. This fact however, is directly contradicted by the language in Section 1.2 of the Agreement itself which states "if the liquidation is not completed in six months, Elliot will continue to serve as liquidator without salary." Therefore, defendant did contemplate the possibility that liquidation would take longer than six months.
Finally, defendant's claim for compensation or setoff lacks merit because both claims must be equally liquidated and demandable. American Bank v. Saxena, 553 So.2d 836, 844 (La. 1989). Barq's claim against plaintiff is contested and is not presently demandable.
Because defendant is unable to show that genuine issues of material fact exist, plaintiff is entitled to summary judgment as a matter of law. Accordingly, for the reasons given, the summary judgment granted by the district court is affirmed.
AFFIRMED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
I respectfully concur in the majority result for the simple reason that plaintiff is the holder and owner of a promissory note given for valuable consideration. Defendant does not really contest its liability on the note, only the fact that plaintiff may be liable for breach of the Liquidation Agreement. After trial on this issue, defendant may prevail. However, defendant's claim against plaintiff is unliquidated therefore setoff is inappropriate and that unliquidated claim does not constitute a failure of the note's consideration.