431 So.2d 846 (1983)
Billy Dewayne HOSKINS, Plaintiff-Appellee,
v.
Christopher Michael CAPLIS, Defendant-Appellant.
No. 15307-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Cook, Yancey, King & Galloway by Sidney E. Cook, Samuel W. Caverlee, Bernard S. Johnson, Shreveport, for defendant-appellant.
Nelson, Hammons & Johnson by Brian D. Smith, Shreveport, for plaintiff-appellee.
Before PRICE, FRED W. JONES, Jr., and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
This is an appeal from a summary judgment dismissing plaintiff's nullity action. Finding, for the reasons hereinafter explained, that a genuine issue as to a material fact still remains, we reverse and remand.
On July 7, 1981 Billy D. Hoskins filed suit against Christopher M. Caplis for damages for personal injuries resulting from a shooting accident. The sheriff's return indicated that domiciliary service was made on the defendant by leaving the papers with Larry G. Pate at 416 Homer Street, Bossier City, on July 31, 1981. A default judgment in favor of Hoskins and against Caplis in the principal amount of $101,518.30 was confirmed on October 13, 1981 and signed on October 15, 1981.
On November 20, 1981 Caplis filed a rule against Hoskins to annul the default judgment, alleging that the mover never resided at 416 Homer Street in Bossier City (where *847 domiciliary service was purportedly made) and never received service of the original suit. On November 25, 1981 Hoskins filed an exception to the use of summary procedure, annexing thereto a request for admission of facts which included the following requested admission:
"Plaintiff in rule's dwelling house or usual place of abode on July 31, 1981 was 416 Homer Street, Bossier City, Louisiana."
On December 3, 1981 Caplis was personally served with the request for admission of facts together with: copy of the original petition in the damage suit, a set of 73 interrogatories which had been filed with the original suit, an earlier request for admission of facts and a subpoena duces tecum. Caplis never responded to the request for admission of facts attached to the exception to use of summary procedure.
Judgment was signed on December 7, 1981 sustaining the exception of unauthorized use of summary procedure.
On February 4, 1982 Caplis filed suit by ordinary process against Hoskins to annul the default judgment and to enjoin a public sale of Caplis' property pursuant to the issuance of a writ of fieri facias. Hoskins filed an answer of general denial and took discovery depositions of Caplis and Pate. Hoskins next filed a motion for summary judgment, seeking to have the nullity action dismissed.
At the hearing on the motion for summary judgment, Hoskins filed various documents from the record, including the requested admission of facts, which had been annexed to the exception to use of summary procedure, and to which Caplis had not responded.
Contesting the motion for summary judgment, Caplis filed his deposition and that of Pate (previously taken for discovery purposes by Hoskins on March 1, 1982), in which both denied that Caplis ever resided at 416 Homer Street, Bossier City. At the hearing, Caplis' attorney[*] explained to the trial judge that the request for admission of facts served upon Caplis on December 3, 1981 was overlooked because of its inclusion with a packet of copies of other pleadings and documents which the attorney had previously examined.
In oral reasons for sustaining the motion for summary judgment, the trial court reasoned that, by failing to answer the requested admission of facts within the delay provided by law, Caplis conclusively admitted he was residing at 416 Homer Street, Bossier City, on the date the sheriff purported to make domiciliary service in the original damage suit. Caplis' statement to the contrary in his deposition was deemed "countered by a conclusive admission against him despite what he may say."
Since this was the critical fact at issue in the nullity action, the trial judge concluded that its resolution warranted the sustaining of the motion for summary judgment, and so ruled.
The central issue posed by this appeal is the correctness of the trial judge's ruling with respect to the legal effect of Caplis' failure to respond to the request for admission of facts.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Obviously, if the summary judgment hearing established without question that Caplis resided at 416 Homer Street, Bossier City, on July 31, 1981, no genuine issue as to a material fact remains in the nullity action and Hoskins was entitled to summary judgment as a matter of law.
Caplis argues that the trial court ruling was erroneous because the request for admissions of fact as a procedural vehicle was not intended to apply to controverted legal *848 issues; that this was too drastic a sanction to impose against Caplis for a failure to answer due to his attorney's oversight; and that Caplis' implied request for a withdrawal of his admission should have been granted.
On the other hand, Hoskins contends that 1976 amendments to our discovery articles changed the law with reference to the legal effect of failure to answer a request for admissions of fact by making the resulting admission conclusive in the action in which made.
Prior to 1976 our procedural codal article dealing with requests for admission of facts was La.C.C.P. Article 1496, which provided in part:
After commencement of an action, a party may serve without leave of court upon any other party a written request for the admission by the latter ... of the truth of any relevant matters of fact set forth in the request.... Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than fifteen days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either....
Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.
The language of the cited article dealing with the legal effect of failure to answer a request for admission of facts within the prescribed delay proved troublesome. However, in Voison v. Luke, 249 La. 796, 191 So.2d 503 (1966), our Supreme Court explained:
"According to the pronouncements of the federal courts, and those of other jurisdictions having similar statutes, this procedure is designed to expedite the trial of cases and reduce to a minimum the expense involved, although, unlike the pre-trial conference and the interrogatory, it cannot be used as a pre-trial discovery device, for it is generally agreed its employment pre-supposes the requesting party knows the facts sought to be admitted and merely desires to ascertain and circumscribe the contested factual issues that are to be ultimately litigated. In other words, the purpose `is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided.' ... As otherwise stated, its purpose is to eliminate the necessity of proving uncontroverted facts. It may not, therefore, be applied to a controverted legal issue lying at the heart of a case."
A comprehensive revision of our discovery articles in 1976 incorporated a number of changes patterned after the 1970 revision of the federal rules of discovery. See Maraist, Recent Changes in Louisiana Discovery Law: An Analysis of Act No. 574 of 1976, 24 La. Bar Journal 161 (Dec.1976). With respect to admissions, new Article 1467 provides in part:
A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Article 1472, deny the matter or set forth reasons why he cannot admit or deny it.
Current Article 1468 provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.
*849 We agree with Hoskins that under the plain language of the 1976 revision of our discovery articles the failure to answer a requested admission of fact within the prescribed delay constitutes a conclusive admission of that fact. The critical question here is: did the trial judge abuse his discretion in failing to afford Caplis the opportunity to withdraw that admission as to his residence on the date in questionthe central factual issue in the nullity suit. We answer in the affirmative.
Despite the 1976 revisions to our discovery articles, the function of a request for admission of facts remains as described in Voison, supra. It is a time-saving procedural device fashioned, generally, to eliminate uncontroverted issues before trial on the merits. This perception should serve as a guideline in determining whether permission ought to be granted to withdraw an admission.
Hoskins points out that Caplis never formally moved to withdraw his admission. Be that as it may, the trial judge foreclosed this option with the statement: "I see no reason to allow anything to be withdrawn at this point"after referring to Article 1468.
In his verified petition in the nullity action, Caplis alleged that he never resided at 416 Homer Street, Bossier City. This assertion was repeated in his discovery deposition. Obviously, this factual allegation formed the crux of the suit to nullify the default judgment. It follows that presentation of the merits of the action would be subserved by withdrawal of the admission. Further, Hoskins did not show that withdrawal of the admission would prejudice him in defending the case on the merits.
In summary, we find that under the facts and circumstances of this particular case the refusal of the trial judge to permit a withdrawal of the admission was an abuse of discretion. Granting a summary judgment solely on the basis of this admission, in the face of plain assertions disputing the alleged fact, and thereby depriving Caplis of his day in court, was too drastic a sanction to impose for this failure to respond to a requested admission of fact.
Upon withdrawal of this admission, there obviously remains a genuine issue of material fact. Therefore, the judgment of the district court sustaining the motion for summary judgment is reversed; the motion for summary judgment is overruled; the case is remanded to the district court for further proceedings consistent herewith. Costs of appeal are assessed to Hoskins.
NOTES
[*] Defendant-appellant is represented by different counsel on appeal.