466 So.2d 655 (1985)
James W. LARKIN, Jr.
v.
FIRST OF GEORGIA UNDERWRITERS, Allied General Adjusters, Inc., Frederick Construction Company, and Fred Otis.
No. 84-CA-487.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*656 Jesse S. Guillot, New Orleans, for plaintiff-appellant.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, Andrew L. Hamlin, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellee.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by homeowner, James W. Larkin, Jr., plaintiff, from a judgment in favor of his insurer, First of Georgia Underwriters Company, defendant, (First Georgia) and his co-defendants, claims adjuster Allied General Adjusters (Allied) and Frederick Construction Company, Inc. (Frederick). The trial judge granted First Georgia's motion for summary judgment and maintained Allied's exception of no cause of action. We affirm.
Larkin, alleging the occurrence of a fire on June 4, 1978, filed a petition on May 9, 1983 captioned "Petition for Damages" against First Georgia and Allied. The petition alleges that the representatives of Allied "insisted, pressured and persuaded" Larkin to have the damages caused by the fire repaired by Frederick and thereafter, First Georgia, Allied, and Frederick defaulted in their contracts to pay and repair the damages caused to Larkin's property by the fire. It alleges damages consisting of "loss of monies under the policy" of $10,500; "loss of use of the property during the default of contraction period" $25,000, additional cost to repair the damages caused by the fire and not repaired by the defendants $10,500, and legal fees $8,000. Due to the petition's extreme vagueness and lack of particulars it is difficult to determine the theory under which the plaintiff expected to recover the prayed for amounts.
First Georgia answered the suit generally denying the allegations but admitting it insured the plaintiff's building against fire but pleading payment under the policy by the issuance of drafts to Larkin for loss of contents $4,427.34 and $350.00 for additional living expenses (subsequently endorsed by Larkin and processed for payment) and by the issuance of a draft for $10,876.65 payable to Larkin, First National Mortgage Corporation and Frederick. Larkin failed to respond to request for admission of facts as to the drafts. Contending that Larkin's failure to respond constituted an admission of same, First Georgia filed an exception of no cause of action and a motion for summary judgment. When these came up for hearing Larkin filed no opposing affidavits or opposition. Following the judgment and the obtaining of an appeal order the plaintiff attempted to file an affidavit in opposition to the motion for summary judgment.
Allied also filed an exception of no cause of action grounded in the contention there was no contract between it and plaintiff. At the hearing on the exception, Allied submitted an affidavit affirming the lack of a contract between it and Larkin. It also filed in the trial court an exception of prescription. Since the exception of no cause of action was upheld, the trial court did not consider the exception of prescription. Hence, Allied urges us to rule on it on this appeal.
The trial judge rendered two judgments. The first maintained Allied's exception of no cause of action and gave Larkin five days to amend the petition. The second granted First Georgia's motion for summary judgment.
We consider first the maintenance of Allied's exception of no cause of action.
The trial court accepted Larkin's allegation that Allied "insisted, pressured and persuaded" him to have the repairs performed *657 by Frederick was an allegation of fraud and hence an action in tort, but concluded Larkin had not sufficiently pled a cause of action in tort against Allied and therefore maintained Allied's exception of no cause of action.
On appeal Larkin contends the trial judge erred because he erroneously assumed plaintiff's petition was in tort rather than in contract. Now he claims Allied, who was the agent of First Georgia, "insisted, persuaded and pressured" him to allow Frederick to do the repairs when he knew or should have known the owner of Frederick was an unfit person; hence, Allied and First Georgia must be held responsible for the damages.
As to Allied, Larkin's contention has no merit because there is no privity of contract between Larkin and Allied; therefore, any claim against Allied would have to be in tort. Since Larkin made no effort to counteract Allied's affidavit affirming the lack of contract between it and Larkin, we have to accept the record as we find it.
Further, the petition has such a paucity of facts we agree with the trial judge's conclusion that there were insufficient facts pled to support a cause of action in tort against Allied. Accordingly, we cannot say the trial judge erred in maintaining the exception of no cause of action.
Since it was apparently the trial judge's intention to rule on the exception of prescription after the petition was amended and since the only appeal taken was a devolutive appeal by Larkin, we will not pass on the exception of prescription. Doing so will allow the trial judge to rule on the exception of prescription if a timely amendment to the petition has been filed.
We next consider the motion for a summary judgment.
Plaintiff's petition alleged that First Georgia failed to pay for fire damages as it was required to do under the terms of its policy. However, by failing to respond to the request for an admission of facts under the provisions of Code of Civil Procedure Articles 1467 and 1468, the fact that Larkin had: (1) received drafts for $350.00 and $4,427.34, made payable to Larkin and his wife, (2) received a draft for $10,876.65, authorized by him to be made payable to and in fact made payable to Larkin, his mortgage holder and Frederick, (3) endorsed the $10,876.65 draft which contained the following release:
"Endorsement of this draft by payee or payees is acknowledgment of full settlement, satisfaction, compromise and discharge of claims and demands of every nature and kind for loss, damage, injury or expense."
were admitted.
Based on these admissions First Georgia filed for and was granted a motion for summary judgment.
Larkin failed to file any affidavits and filed no opposition to the motion for summary judgment. Only after he had filed for and been granted a devolutive appeal did he seek to file an affidavit in opposition to the motion for summary judgment.
First Georgia filed a motion with this court asking that the affidavit be struck from the record. Since the affidavit was not presented to the district court as evidence at the time the motion for summary judgment was heard, the affidavit is not part of the record and cannot be considered by this court. Crader v. Casualty Reciprocal Exchange, 417 So.2d 101 (3rd Cir. 1982).
In his appeal brief, Larkin takes the position the trial judge erred when he concluded there was no genuine issue as to a material fact and therefore granted the motion for summary judgment. Virtually all of his arguments, however, are predicated on facts that were not alleged in the petition. We can review the trial judge's granting of the motion for summary judgment only on the pleadings and evidence which were in the record at the time the trial judge rendered his decision. Code of Civil Procedure Article 967; Henderson v. Administrators of Tulane University, 426 So.2d 291 (4th Cir.1983).
*658 Larkin's difficulty arises from an inadequate petition and lack of diligence in opposing the motion for summary judgment and in failing to respond to First Georgia's request for admission of facts.
Considering the pleadings, and the admissions of the plaintiff, we cannot say the trial judge erred in granting the motion for summary judgment.
Accordingly, the judgment of the trial court is affirmed. Appellant to pay all costs of the appeal.
AFFIRMED.