506 So.2d 1329 (1987)
Steve DEMENT, Plaintiff-Appellant,
v.
RED RIVER VALLEY BANK, Defendant-Appellee.
No. 18678-CA.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1987.
*1330 Jack H. Kaplan, Shreveport, for plaintiffappellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Shreveport, for defendant-appellee.
Before HALL, C.J., and JASPER E. JONES and LINDSAY, JJ.
HALL, Chief Judge.
Appellant, Steve Dement, filed suit against appellee, Red River Valley Bank, seeking the return of $7,235.76 paid on checks bearing an allegedly unauthorized signature, damages for mental anguish in the amount of $100,000.00, and reasonable attorney's fees. After a hearing on the pleadings, evidence, and argument of counsel, appellee's motion for summary judgment was granted, dismissing appellant's suit. For the reasons set forth herein, we affirm the judgment of the trial court.
According to appellant's deposition, he and J.T. Brown entered into a partnership in October of 1984 to establish a salvage yard known as T.J.'s Auto Salvage. Appellant and Brown opened a checking account in the name of T.J.'s Auto Salvage at Red River Valley Bank and signed, as partners, a document provided by the bank entitled "Checking Account" "Partnership." This document authorized the bank to pay checks drawn on the partnership account when signed by appellant or Brown. In addition, both men signed a signature card for the partnership account providing that only one signature was needed on each check.
In March of 1985, appellant discovered that the bank had honored checks drawn on the account of T.J.'s Auto Salvage bearing what purported to be the signature of Tommy Harley, who sometimes worked as a mechanic for T.J.'s. Appellant informed the bank that Harley's signature was unauthorized. The bank produced copies of two signature cards bearing appellant's signature and what purported to be Tommy Harley's signature, by which Harley was also authorized to sign checks on the salvage business account. Appellant covered all of the outstanding checks on the account before closing it out because he "didn't want people to come back to [him]."
In his deposition, appellant stated he could not tell whether any of the checks bearing Harley's signature were written in *1331 the course of T.J.'s business. However, appellant admitted that some of the payees on these checks were people or businesses with whom T.J.'s had done business. Appellant also admitted that he had agreed to pay for a fence, a sign, and a forklift and that payment for these items was made by checks bearing Harley's signature.
Brown stated in his deposition that in February of 1985, he executed a new signature card using Harley's name because he did not want his own creditors to discover the checking account. Brown admitted that he signed Harley's name to the checks and identified the payee of each check as a person or business with whom T.J.'s had done business and identified the transaction underlying each check as a debt of T.J.'s. Brown also claimed that appellant was aware of the use of Harley's name about a week after Brown had placed his name on the signature card.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984).
The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. The court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all genuine issues of material fact. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in the pleadings. LSA-C.C.P. Art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). An opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Acme Refrigeration of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977).
A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect the litigant's ultimate success or determine the outcome of a legal dispute. Swindle, supra; Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir. 1983).
It is important to remember that the purpose of a summary judgment is to expeditiously dispose of those cases involving only issues of law. Menard v. UCAR Pipeline, Inc., 465 So.2d 231 (La.App. 3d Cir.1985). However, while the summary judgment serves an important procedural purpose, the courts have historically utilized this procedure with considerable trepidation and hesitancy since its use effectively deprives a party of his day in court. Any doubt as to the existence of material, factual issues in the granting of a summary judgment are to be resolved against the granting of the summary judgment and in favor of a trial on the merits. Sanders v. City of Blanchard, supra.
Appellant admits that under the "benefit of funds" defense, a claimant cannot recover where he received the benefit or use of the funds. In other words, if the checks paid on Harley's signature were used to pay T.J.'s debts, appellant, as a partner of T.J.'s, received the benefit of those funds and cannot recover from the bank. LSA-R.S. 10:3-404; Whitney Trust & Savings Bank v. Jurgens-Fowler Co., Inc., 180 La. 445, 156 So. 460 (1934); Jones v. American Bank and Trust Co., 387 So.2d 1360 (La. App. 1st Cir.1980); Nationwide Finance Co. of Gretna, Inc. v. Pitre, 243 So.2d 326 (La.App. 4th Cir.1971). Appellant contends, however, that a dispute of fact remains as to whether all of the checks went toward payment of the auto salvage company's debts.
It may be that appellant's disclaimer of knowledge of whether the checks were *1332 used to pay business debts to his benefit is insufficient to rebut Brown's positive testimony that they were, but it is not necessary for us to make this determination. This fact becomes immaterial because, for other reasons hereafter discussed, appellant is not entitled to recover from the bank.
The reason appellant is not entitled to recover from the bank is because appellant authorized the bank to pay checks drawn on the account when signed by Brown, and there is no dispute as to the fact that the checks in question were signed by Brown. It is of no consequence that he used a fictitious or assumed name, or the name of another person.
LSA-R.S. 10:3-401(2) provides that a signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature. Uniform Commercial Code Comment 2 following Section 3-401 states that a signature "may be made in any name, including any trade name or assumed name, however false and fictitious, which is adopted for the purpose. Parol evidence is admissible to identify the signer, and when he is identified the signature is effective." It is an uncontested fact that Brown, not Harley, actually signed the checks. Although Brown signed the checks with the fictitious or assumed name of Tommy Harley, the signature still operates as his own. LSA-R.S. 10:3-401(2). Because appellant authorized Brown to sign checks on the partnership account and it is undisputed that Brown signed the checks in question, the bank paid the checks on the signature of an authorized person, thus precluding appellant's recovery. Appellant's loss, if any, was not caused by the circumstance that Brown chose to sign the checks with somebody else's name rather than his own. There are no genuine issues of material fact and appellee is entitled to judgment as a matter of law.

DECREE
The judgment of the trial court granting defendant Red River Valley Bank's motion for summary judgment and dismissing plaintiff Steve Dement's suit is affirmed, at appellant's cost.
AFFIRMED.