613 So.2d 664 (1993)
SECURITY NATIONAL TRUST, a Limited Partnership, Plaintiff-Appellant,
v.
Charles D. KALMBACK, IV, et al., Defendants-Appellees.
No. 24,346-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
*665 Jack J. Mendheim, Michael S. Tudor, Alexandria, for plaintiff-appellant.
*666 Davidson, Nix, Arceneaux Jones & Askew by M. Thomas Arceneaux, Shreveport, for defendants-appellees.
Before SEXTON, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The plaintiff, Security National Trust, appeals from a trial court decision granting a motion for summary judgment in favor of one of the defendants, Charles D. Kalmbach, IV.[1] For the following reasons, we reverse the trial court judgment.

FACTS
Security National Trust filed suit against the defendants, Charles D. Kalmbach, IV, Mark Ford and the succession of William Phillips, to recover the unpaid balance of a promissory note. The note, in the original principal amount of $72,620.14, payable to the order of National Fidelity Bank of Shreveport, or Bearer, was executed on February 28, 1988. The maker of the note was the accounting firm of Phillips, Post and Kalmbach and it was signed by William Phillips, Gary Post and Mark Ford. Charles D. Kalmbach, IV did not sign the note.
In its petition, the plaintiff,[2] contended that, despite amicable demand, the note had not been paid. The unpaid balance of the note was $69,710.16. Attached to the plaintiff's petition was a copy of the partnership account agreement with National Fidelity Bank, dated January 30, 1987, indicating that William J. Phillips, Gary D. Post, Charles D. Kalmbach, IV and Mark Ford were members of a general partnership d/b/a Phillips, Post and Kalmbach, and that either William J. Phillips or Gary D. Post was authorized to borrow money on behalf of the partnership.
On July 24, 1991, the defendant, Charles D. Kalmbach, IV filed an answer, claiming that the partnership of Phillips, Post and Kalmbach ceased to exist in October, 1987. He asserted that the note could not be a partnership obligation because, at the time it was executed, the partnership no longer existed.
Along with the answer, the defendant also filed interrogatories and a request for admission of facts, pursuant to LSA-C.C.P. Art. 1467. The defendant requested admission of the following facts:
1. The accounting partnership known as Phillips, Post & Kalmbach ceased doing business in October, 1987.
2. Charles D. Kalmbach, IV, withdrew as a partner in the partnership Phillips, Post & Kalmbach in September, 1987.
3. In October, 1987, William Phillips and Gary Post began practicing accounting in a professional corporation, formed in October, 1987, under the name of Phillips, Post & Company.
4. On February 28, 1988, neither William Phillips, Gary Post nor Mark Ford were authorized to bind C. Dennis Kalmbach, IV to any financial obligation, directly or indirectly, and including specifically any purported debt on behalf of Phillips, Post & Kalmbach.
5. William Phillips, Gary Post and Mark Ford executed continuing guaranties dated on or about February 28, 1988, to secure payment of that certain Promissory Note dated February 28, 1988, which is the subject matter of this action.
6. C. Dennis Kalmbach, IV did not execute a continuing guaranty on or about February 28, 1988, or otherwise in connection with the note described in the preceding paragraph.
7. C. Dennis Kalmbach, IV had no interest in the accounting corporation known as Phillips, Post & Company.
The request for admission of facts was mailed to plaintiff's counsel on July 23, *667 1991. No answer was filed within the 15 days provided by LSA-C.C.P. Art. 1467.
On August 9, 1991, Kalmbach filed a motion for summary judgment, arguing that because the plaintiff failed to timely answer the request for admission of facts, the matters contained therein were deemed admitted. Therefore, Kalmbach argued that there was no genuine issue of material fact, that he was not liable on the note and that he was entitled to judgment as a matter of law. Mr. Kalmbach did not file any other documentation in support of his motion for summary judgment.
On August 21, 1991, the plaintiff filed its own motion for summary judgment. The plaintiff argued that Kalmbach failed to show any revocation of authority of the partnership account agreement. In addition, although untimely, the plaintiff attached answers to the request for admission of facts, denying all items.
On August 26, 1991, a hearing was held on the defendant's motion for summary judgment. At the hearing, the trial court found that the failure to answer the request for admission of facts within the time period set forth in the statute required that those facts be deemed admitted. The trial court found that, because the partnership of Phillips, Post and Kalmbach ceased to exist prior to the execution of the note, Kalmbach could not be found liable for the debt of a nonexistent partnership. Accordingly, the trial court granted Kalmbach's motion for summary judgment and dismissed the plaintiff's suit against him.
The plaintiff appealed, arguing that the trial court "erred in rendering a summary judgment in favor of Kalmbach on the sole basis of automatically admitted facts by failing to give effect to the plaintiff's untimely motion for summary judgment and answers to the request for admission of facts." The plaintiff also argued that the trial court erred in rendering summary judgment based on an admission of fact (No. 4) which called for a conclusion of law. It was further contended that the trial court erred in granting summary judgment without considering the pleadings and exhibits filed by the plaintiff.

REQUEST FOR ADMISSION OF FACTS
The plaintiff contends that the trial court erred in finding that, because it failed to timely answer the defendant's request for admission of facts, those facts were deemed admitted. We agree.
Admissions may be used to establish either uncontradicted facts or contradicted issues which constitute the crux of the matter in litigation. Succession of Rock, 340 So.2d 1325 (La.1976) Requests for admission of facts are governed by LSA-C.C.P. Arts. 1466 through 1468. LSA-C.C.P. Art. 1466 specifies that a party may serve on any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of the discovery articles, 1422 through 1425.
LSA-C.C.P. Art. 1467 provides:
Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within fifteen days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of thirty days after service of the petition upon him. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable *668 inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Article 1472, deny the matter or set forth reasons why he cannot admit or deny it.
The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of Article 1469 apply to the award of expenses incurred in relation to the motion.
However, even if a matter is deemed to be admitted due to a party's failure to answer, the admission may later be withdrawn or amended. LSA-C.C.P. Article 1468 provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under Articles 1466 and 1467 is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.
The current articles dealing with admissions were enacted by Acts 1976, No. 574, § 1. Prior jurisprudence dealing with requests for admission of facts held that an untimely answer should never automatically result in an admission since the suppression of the real facts may result. Voisin v. Luke, 191 So.2d 503 (La.1966). The jurisprudence following the 1976 revisions to the articles dealing with admission of facts continues to hold that failure to timely answer a request should not automatically result in admission of the facts.
In O'Regan v. Labat, 379 So.2d 78 (La. App. 4th Cir.1980), the trial court refused to strike late answers to plaintiff's request for admission of facts. The plaintiff filed for supervisory writs. The appellate court denied the application, reasoning that there must be a limitation in allowing late answers to a request for admission of facts, but on the other hand, an admission resulting from a late answer should not be automatic. An automatic admission may unduly suppress a proper determination of the merits of the case.
D.H. Holmes Company, Ltd. v. Dronet, 432 So.2d 1135 (La.App. 3d Cir. 1983) also held that the failure to answer under LSA-C.C.P. 1467 does not automatically result in admission of the facts sought to be established. In that case, the court found that even though the defendant did not answer the request for admission of facts, he denied the plaintiff's claim by his answer to interrogatories and by his answer to plaintiff's petition.
In Jones v. Gillen, 504 So.2d 575 (La. App. 5th Cir.1987), writ denied 508 So.2d 86 (La.1987) the court found that hypertechnicalities do not serve justice and that the articles on admission of facts should not be applied automatically when the party answers untimely.
In Hoskins v. Caplis, 431 So.2d 846 (La. App. 2d Cir.1983), this court examined the articles regarding admission of facts and the effect of untimely answers on motions for summary judgment. This court found that under the plain language of the 1976 revision of the discovery articles, the failure to answer a requested admission of *669 facts within the prescribed delay constitutes a conclusive admission of that fact. However, we went on to hold that the trial court may abuse its discretion in refusing to allow a party who has failed to timely answer a request for admission of facts to withdraw the admission. This court reasoned that the function of a request for admission of facts remains as described in Voisin v. Luke, supra. That is, "it is a time saving procedural device fashioned, generally, to eliminate uncontroverted issues before trial on the merits. This perception should serve as a guideline in determining whether permission ought to be granted to withdraw an admission."
In Hoskins, supra, this court also held that the trial court abused its discretion in refusing to allow a withdrawal of the admission, finding that the grant of a summary judgment, solely on the basis of the admission, in the face of plain assertions disputing the alleged fact, is too drastic a sanction to impose for failure to respond to a requested admission of fact.[3]
In the present case, the defendant argues that even though the plaintiff filed untimely denials to the requested admission of facts, it did not file a formal request to withdraw the admission. We note that, under the jurisprudence, a formal request to withdraw an admission is not necessarily required. In Jones v. Gillen, supra, the court found that the code articles dealing with admission of facts do not require a party to utilize a particular form to respond to the request. The court then found that the filing of answers, although untimely, could constitute a withdrawal of the admission. The court noted that the inquiry in such matters is whether the merits of the action will be subserved by withdrawal of the admission.
In the instant case, the plaintiff filed the untimely denial of the request for admission of facts on the day the motion for summary judgment was to be heard. Although the answers were untimely, under the jurisprudence discussed above, the tardy filing should be given effect and should constitute a withdrawal of the admissions relied upon by the trial court in granting the motion for summary judgment. See and compare Smitherman, Lunn, Chastain and Hill v. Killingsworth, 561 So.2d 816 (La.App. 2d Cir.1990) in which this court found no error in allowing the late filing of answers to a request for admission of facts on the last day of trial.
The instant case is distinguishable from Davis v. Westinghouse Electric Corporation, 526 So.2d 337 (La.App. 4th Cir.1988). In that case, the response to a request for admission of facts was found to be inadequate and the trial court ordered an amended response to be served in 15 days. The party so ordered failed to respond. The matters were deemed admitted only after an inadequate initial response and after the passage of an additional period given by the court during which the party failed to amend the previous inadequate response.
This case is also distinguishable from Remondet v. Reserve National Insurance Company, 433 So.2d 792 (La.App. 5th Cir. 1983), writ denied, 441 So.2d 216 (La.1983), in which matters contained in a request for admission of facts were deemed admitted where no response to the request was ever made. Further, the instant case is distinguishable from Larkin v. First Georgia Underwriters, 466 So.2d 655 (La.App. 5th Cir.1985) in which no response was filed following a request for admission of facts until after the case had been appealed. In Larkin, the failure to respond caused the facts to be deemed admitted.
Based upon the circumstances of this case and the jurisprudence discussed above, we find that the plaintiff's filing of an untimely denial in response to a request for admission of facts constituted a withdrawal of any admissions. Therefore, the trial court erred in ruling that, due to the late filing of an answer to a request for an admission of facts, the facts were deemed admitted against the plaintiff.[4]

*670 SUMMARY JUDGMENT
The plaintiff contends that the trial court erred in granting summary judgment in favor of the defendant, Mr. Kalmbach. This argument has merit.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect the litigants' ultimate success or determine the outcome of legal dispute. Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Dunn v. FMC Corporation, 589 So.2d 1115 (La.App. 2d Cir.1991).
The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983); Swindle v. Haughton Wood Company, Inc., supra; Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2d Cir.1990). To satisfy his burden, the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. Rhines v. Carpenter, 465 So.2d 884 (La.App. 2d Cir.1985).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material factual issues. Watson v. Cook, supra. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. Dement v. Red River Valley Bank, 506 So.2d 1329 (La. App. 2d Cir.1987). An opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Dement v. Red River Valley Bank, supra.
When a motion for summary judgment is made and supported, an adverse party may not rest on mere allegations or denials of his pleadings, but his response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967.
Papers supporting the mover's position are to be closely scrutinized, while the opposing papers are to be indulgently treated, in determining whether the mover has satisfied his burden of proof. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981); Rhines v. Carpenter, supra; Ouachita National Bank v. Gulf States Land and Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied 587 So.2d 695 (La. 1991).
In the present case, Mr. Kalmbach filed a motion for summary judgment claiming that the partnership of Phillips, Post and Kalmbach terminated prior to the date the note in question was executed and that, because the partnership ceased to exist, William Phillips and Gary Post had no authority to bind Mr. Kalmbach on a partnership debt. In support of his motion for summary judgment, Mr. Kalmbach submitted only the unanswered request for admission *671 of facts. He submitted no depositions, affidavits or other documentation in support of his contentions. Based solely upon the unanswered request for admission of facts, the defendant sought to obtain summary judgment.
As discussed above, the trial court erred in failing to recognize the late filing of answers to the request for admission of facts and erred in deeming those matters admitted. Without these admissions, Mr. Kalmbach has not one scintilla of documentation to support his motion for summary judgment. Under these circumstances, it can hardly be said that Mr. Kalmbach has submitted sufficient documentation to resolve all material factual issues. Because Mr. Kalmbach has not sustained his burden of proof, the burden of proof does not shift to Security National to defeat the motion for summary judgment.
In this case, there remain genuine issues of fact as to whether the partnership of Phillips, Post and Kalmbach had terminated and whether the other defendants named in the suit had authority to bind Mr. Kalmbach on the disputed note. Therefore, the trial court erred in granting summary judgment in favor of Mr. Kalmbach. That ruling by the trial court must be reversed.

CONCLUSION
For the reasons stated above, we find that the trial court erred in failing to recognize the late filing of answers to a request for admission of facts, deeming those facts to be admitted and on that basis alone, granting summary judgment in favor of the mover, Charles D. Kalmbach IV. Therefore, we reverse the trial court judgment and remand to the trial court for further proceedings. Costs of this appeal are assessed to the defendant. Assessment of costs in the trial court are to await final disposition of this litigation.
REVERSED AND REMANDED.
STEWART, J., concurs in the result.
NOTES
[1] The defendant's name was incorrectly spelled "Kalmback" in the original pleading filed by the plaintiff. In his answer, the defendant asserts that his last name is spelled "Kalmbach." We have used the correct spelling in this opinion.
[2] On July 28, 1988, National Fidelity Bank of Shreveport, the original holder and payee of the note, was closed by the office of the Comptroller of Currency, as it was insolvent. The FDIC was appointed receiver and on December 21, 1990, the note at issue here was sold to Security National Trust, the present plaintiff.
[3] In Hoskins v. Caplis, supra, the defendant never formerly moved to withdraw his admission, but this court found that the trial court precluded him from doing so.
[4] Security National argues that, "the trial court erred in rendering summary judgment based upon the Appellees [sic] improper Request for Admissions No. 4 which asks for a conclusion of law." The request complained of states that on February 28, 1988, neither William Phillips, Gary Post, nor Mark Ford were authorized to bind C. Dennis Kalmbach IV, to any financial obligation, directly or indirectly and including specifically any purported debt on behalf of Phillips, Post and Kalmbach. Because we find that the trial court erred in refusing to give effect to the plaintiff's denial regarding the request for admission of facts, it is not necessary to reach this assignment of error.