JiLINDSAY, Judge.
The defendant, Claude A. Dance, Jr., appeals from a summary judgment granted in favor of the plaintiff, the Commercial National Bank in Shreveport (CNB), finding that a tax sale of property made to the defendant is an absolute nullity. For the following reasons, we affirm the trial court judgment.
FACTS AND PROCEDURAL HISTORY
In 1989, numerous ad valorem tax notices were mailed by the Caddo Parish Sheriffs Office to CNB on property owned by the bank. Each notice included a number, a property description, and the amount of the tax due. A notice was included for the property which is the subject of this ease. The tax notice number on this property was No. 161412 and the amount of tax due was $502.74. No other property was assessed with this amount of tax. On this tax notice, the property was described as follows:
12.93 ACS. — M7L—NW/4 OF NE/4 OF SEC. 12 (16-14) LESS R/WS, 161412-0-135.
On December 28, 1989, CNB issued a cheek for $46,781.46 in payment of all 1989 ad valorem taxes due by the bank on property in Caddo Parish.
On January 26, 1990, the Parish issued a check to CNB for $2,669.70 for overpayment of taxes. A list of tax notice numbers and amounts of overpayments was included. This list includes a refund of $502.74, the amount assessed on the subject property, but the tax notice number listed is 161401, not the number of the property at issue here. The tax notices reflect that the amount due for No. 161401 was $13.32. The property description on | ¾⅛⅛ notice also shows that it is a different piece of property than that at issue here.
After the erroneous refunding of the taxes due for the subject property, it was sold at a tax sale. The record shows that CNB was notified of the impending tax sale by certified mail. The defendant bought the property at a tax sale on May 9,1990 and a tax sale deed was recorded on May 25, 1990.
On June 22, 1994, CNB filed suit to have the tax sale declared an absolute nullity because the 1989 taxes had, in fact, been paid. CNB tendered $860.64 into the registry of *553 the court, representing the amount of the taxes, plus interest. In the alternative, CNB sought to be granted the right to redeem the property.
On July 19, 1994, CNB filed a motion for summary judgment, asserting that the 1989 tax was paid and was then erroneously refunded, therefore the defendant’s purchase of the property at the tax sale was an absolute nullity. Attached to the motion was the affidavit of a vice president of CNB, Mr. A. Cantu, Jr., stating that he administers the subject property which was obtained by the bank through foreclosure. The affidavit essentially outlined the facts set forth above, asserting that the 1989 ad valorem taxes were paid in a lump sum and that the amount of tax paid for this particular piece of property was erroneously refunded by the Parish.
The defendant then filed a motion to strike the affidavit of Mr. Cantu, asserting that the facts alleged were not within his personal knowledge, that it offered hearsay in the form of business records prepared by the Caddo | sSherifPs Office, and that the affidavit does not affirmatively establish that the affi-ant is competent to testify as to the facts contained therein.
On August 5, 1994, CNB filed a supplemental affidavit in support of its motion for summary judgment. The affidavit was executed by Billy Herrod, an employee of the Caddo Sheriffs Office, who supervises the collection of ad valorem taxes. Mr. Herrod stated that his duties at the Sheriffs Office included the issuance of tax notices, supervision of receipt of payments made by property owners and approval of refund checks to property owners. He further stated that he timely received a check from CNB in payment of all 1989 taxes owed by CNB on properties located in Caddo Parish which were assessed to the bank. He further stated that the cheek was negotiated.
A supplemental affidavit by Mr. Cantu was also filed by CNB stating that he personally approved the payment of ad valorem taxes owed at all times on the subject property.
On August 9, 1994, the defendant filed a third party demand against Sheriff Don Hathaway, in his capacity as Ex-Officio Tax Collector of Caddo Parish, to recover all amounts paid for this property at the time of the tax sale, plus interest and court costs, should the sale be found to be an absolute nullity.
The motion for summary judgment was argued on September 6, 1994. On September 16, 1994, the trial court filed a judgment in favor of CNB, granting the motion for summary judgment. The trial court found that there were no material issues of fact and CNB was entitled to judgment as a matter of law. The tax sale was declared absolutely null and void and the tax sale |4deed was ordered canceled from the conveyance records. The defendant was cast with the costs of the proceedings. The court ordered that the defendant be allowed to withdraw the $860.64 from the registry of the court, less court costs.
The defendant appealed devolutively. The defendant essentially argues that the trial court erred in granting summary judgment in favor of CNB.
The defendant contends that the affidavits of Mr. Cantu and Mr. Herrod failed to establish that the 1989 taxes were paid on this particular piece of property or that the amounts refunded included a tax payment on the subject property. The defendant argues that these affidavits were not based upon personal knowledge and that, after examining these affidavits, a genuine issue of material fact still remains as to whether CNB actually paid the 1989 taxes on the subject property.
The defendant also argues that Mr. Her-rod!s affidavit is contrary to his proces verbal executed on May 25, 1990, which states that the 1989 taxes on the subject property were not paid and that CNB was notified of the delinquent taxes by certified letter on March 9,1990. The proces verbal was introduced in these proceedings by the defendant who asserts that these documents demonstrate the existence of a genuine issue of material fact as to whether the taxes on the subject property had, in fact, been paid.
LEGAL PRINCIPLES
Tax Sales
In Louisiana, tax sales are presumed valid and the party attacking the sale has the *554 burden of proving its alleged invalidity. Dockery v. DuPont, 98-{1021,5 (La.App. 3d Cir. 4/6/94), 635 So.2d 679; Verret v. Norwood, 311 So.2d 86 (La.App. 3d Cir.1975). La. Const. Art. VII § 25(C) provides in pertinent part:
No sale of property for taxes shall be set aside for any cause, except on proof of payment of taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after the service of notice of sale. [Emphasis supplied.]
The jurisprudence holds that among the limited defects which render tax sales absolutely null, and therefore incurable by prescription, are prior payment of taxes. Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 99 So.2d 129 (1958); Seneca Resources Corp. v. Delacroix Corp., 573 So.2d 1244 (La.App. 4th Cir.1991), writ not considered 577 So.2d 10 (La.1991); Catania v. Stuart, 512 So.2d 1189 (La.App. 1st Cir.1987).
In this case, CNB asserted that the tax sale at issue here was an absolute nullity because the taxes due on the property in question were, in fact, paid prior to the tax sale, even though Caddo Parish erroneously refunded the taxes due on this piece of property. CNB asserted this claim through its motion for summary judgment and the trial court ruled that CNB carried its burden of proving that the taxes had been paid. In essence, the defendant asserts that CNB did not carry its burden on the motion for summary judgment of showing that the taxes on this particular property were paid.
Summary Judgment-
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show | f,that there are no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.
The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir.1983); Swindle v. Haughton Wood Company, Inc., supra; Security National Trust v. Kalmback, 613 So.2d 664 (La.App.2d Cir.1993). This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted. Dunn v. FMC Corporation, 589 So.2d 1115 (La.App.2d Cir.1991).
To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Rhines v. Carpenter, 465 So.2d 884 (La.App.2d Cir. 1985). A summary judgment is not a substitute for a trial on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App.2d Cir.1983).
A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect the litigants’ ultimate success or determine the outcome of the legal dispute. Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App.2d Cir.1984); Dunn v. FMC Corp., supra.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and 17shall show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material factual issues. Watson v. Cook, supra. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App.2d Cir.1987); Security National Trust v. Kalmback, supra.
An opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of *555 material fact and that he is entitled to judgment as a matter of law. Dement v. Red River Valley Bank, swpra.
When a motion for summary judgment is made and supported, an adverse party may not rest on mere allegations or denials of his pleadings, but his response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967.
Papers supporting the mover’s position are to be closely scrutinized, while the opposing papers are to be indulgently treated, in determining whether the mover has satisfied his burden of proof. Vermilion v. Vaughn, 397 So.2d 490 (La.1981); Security National Trust v. Kalmback, supra.
When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, ^reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Broom v. Leebron & Robinson Rent A Car, Inc., 626 So.2d 1212 (La.App.2d Cir.1998).
It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. The weighing of conflicting evidence has no place in summary judgment procedure. Broom v. Leebron & Robinson Rent A Car, Inc., supra.
Appellate courts review summary judgment de novo under the same criteria that governs the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 616 So.2d 318 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Broom v. Leebron & Robinson Rent A Car, Inc., supra.
DISCUSSION
The defendant argues that the trial court improperly granted summary judgment in this case because a genuine issue of material fact exists regarding whether the taxes on this property were paid prior to the tax sale. The defendant argues that the affidavits by Mr. Cantu, of CNB, and by Mr. Herrod, of the Caddo Sheriffs Office, are not sufficient to establish that the 1989 taxes for this property were paid. The defendant contends that Mr. Cantu and Mr. Herrod established through their affidavits that they are each in a supervisory position, reviewing the work of others. The defendant asserts that Mr. Cantu and Mr. Herrod’s supervisory work in preparing checks for payment of taxes and refund checks for overpayment of taxes is | snot sufficient to show that 1989 taxes on this property were paid. Defendant argues that the amounts of the checks were computed by someone else and that the issuance of the checks, in and of themselves, proves nothing. Therefore, defendant contends that the affidavits are not based upon personal knowledge and do not establish payment of the taxes on the disputed property. We find defendant’s arguments to be meritless.
In support of its motion for summary judgment, CNB submitted two affidavits by Mr. Cantu, stating that he is in charge of paying property taxes on ail property owned by the bank. CNB attached copies of all tax notices received by it from the Caddo Sheriffs Office, including a tax notice on the property involved in this case. Mr. Cantu further stated that he saw to it that a check was issued by CNB to the Caddo Sheriffs Office in payment of all 1989 ad valorem taxes on property owned by the bank, including the subject property and that taxes were paid for all years subsequent to 1989. These matters were within the personal knowledge of Mr. Cantu.
Mr. Herrod stated in his affidavit that he personally caused tax notices to be printed and mailed each year. Mr. Herrod further stated that he personally supervises the receipt of gd valorem taxes and maintains records as to tax notices sent. He stated that he personally reviews payments submitted and approves the issuance of refund cheeks. In essence, Mr. Herrod’s affidavit states that a tax notice on this property was sent to *556 CNB and payment by CNB was made timely.[1]
| ipContrary to the defendant’s arguments, we find that these affidavits and attachments support CNB’s motion for summary judgment. The affidavits were based upon the personal knowledge of the affiants. The affidavits and documents submitted show that CNB was assessed with the 1989 ad valorem taxes on this property and that CNB issued a lump sum check in payment of the taxes due on this property along with taxes due on all other property owned by the bank in Caddo Parish. Upon receipt of CNB’s check for 1989 ad valorem taxes, the Parish cashed it.
In reaching this decision, we are cognizant of the proces verbal executed by Mr. Herrod in 1990, stating that the tax on this property had not been paid and that CNB had been notified of the perceived failure to pay taxes and of the impending sale of the property. Although the record fails to establish why the Caddo Sheriffs Office made an erroneous refund of the tax payment on this property and then proceeded to sell the property to the defendant at a tax sale, and although there is no explanation on the record as to why CNB failed to respond to notice of the impending tax sale, these facts are of no moment in this case.
The error in this case originated with the Sheriffs Office with the improper refund of the 1989 taxes paid by CNB on this property. The manner in which the Sheriffs Office issued the refund made it difficult, if not impossible, to discover that the tax payment on this property had been erroneously refunded. That is to say, the documents submitted to CNB by the Sheriffs Office, along with the lump sum refund, did not set forth the correct tax notice number or a property description for the subject property.
_JnThe error by the Sheriffs Office was perpetuated when the proces verbal and tax sale deeds were prepared. The proces verbal and tax sale deed, for purposes of this discussion, are part of the tax sale “package” and are erroneous. These documents were prepared and the tax sale was undertaken with the erroneous belief that the taxes on the subject property had not been paid, when in fact, the taxes had been paid in full. The statements made in the .tax sale package, coupled with the documents and affidavits submitted in this case, unequivocally show that the proces verbal was erroneous, that the taxes had actually been paid and that the tax sale was void. Therefore, the erroneous statements made in the proces verbal do not create a genuine issue of material fact in this case.
Simply stated, the law provides that if taxes are timely paid on property, a tax sale of that property is an absolute nullity. In this case, CNB established that the taxes on this property were timely paid. Therefore, the tax sale of this property to the defendant, Claude A. Dance, Jr. is an absolute nullity. Accordingly, there is no genuine issue of material fact in this ease and CNB is entitled to judgment as a matter of law. We find that the trial court did not err in granting summary judgment in favor of CNB.[2]
I ^CONCLUSION
For the reasons stated above, we affirm the ruling of the trial court, granting summary judgment in favor of the plaintiff, Commercial National Bank in Shreveport. Costs in this court and in the court below are *557 assessed to the defendant, Claude A. Dance, Jr.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, HIGHTOWER, BROWN and STEWART, JJ., and CLARK, J. Pro. Tem.
Rehearing denied.

. The plaintiff attached copies of all 1989 tax notices which total approximately $41,000. We note that the check issued by CNB exceeded this amount by approximately $5,000. If the amount of tax paid was too little, then a genuine issue of material fact might exist as to whether the tax on this particular property was paid. However, an ample amount of money was provided by CNB for payment of all ad valorem tax due.

. In the trial court, the plaintiff made the alternative argument that tender of a thing due is equivalent to payment, relying upon LSA-C.C. Art. 1989, an obligations article, which provides that when the object of performance is the delivery of a thing or a sum of money and the obligee, without justification, fails to accept the performance tendered by the obligor, the tender, followed by deposit to the order of the court, produces all the effects of a performance from the time the tender was made if declared valid by the court. On appeal, the defendant argues that, to the extent the trial court relied upon this concept in granting the plaintiff's motion for summary judgment, it erred. We find, as did the trial court, that the taxes on the subject property were actually paid, not simply tendered and refused. Therefore, it is unnecessary to reach this issue.