WILLIAMS, J.
 

 hThe defendant, Fairfield Towers, LLC, appeals a judgment in favor of the plaintiff, Roach Plumbing & Heating, Inc. The city court granted the plaintiffs motion for summary judgment. For the following reasons, we reverse and remand.
 

 FACTS
 

 In June 2007, Fairfield Towers, LLC (“Fairfield”) hired Roach Plumbing & Heating, Inc. (“Roach”) to perform plumbing work at Fairfield’s apartment building located in Shreveport. The written proposal prepared by Roach provided that it would replace the plumbing fixtures and piping per the instructions of the property manager, Keith Mize, and listed the hourly rates that would be charged for labor. Sandra Miller signed the proposal as prop
 
 *494
 
 erty manager of Fairfield, with a handwritten note in the lower left corner stating “bid accepted for 1 floor only.” Roach performed various plumbing services for which Fairfield paid $25,912.
 

 In August 2007, Roach submitted invoice # 38459 in the amount of $28,396.50. After Fairfield paid $15,191.50, Roach sent a letter by certified mail demanding that Fairfield pay the amount of $13,205. When payment was not received, the plaintiff, Roach, filed a petition on open account against the defendant, Fairfield, seeking to recover the alleged balance due of $13,205, plus interest and attorney fees. Along with the petition, plaintiff filed a request for admissions of fact. The defendant filed an answer denying all of the plaintiffs allegations.
 

 Subsequently, the plaintiff filed a motion for summary judgment. At the initial hearing on the motion, over the plaintiffs objection, the court | .¿granted defendant’s request for a continuance to allow time to file an affidavit in opposition to summary judgment. The defendant filed the affidavit of Sandra Miller, who stated that defendant had paid $35,104.25 to plaintiff for authorized plumbing services, but that plaintiff had performed and billed defendant for other work that was not authorized or reasonable. The defendant also filed a response to the request for admissions denying that a balance was due.
 

 At the subsequent hearing, while noting that the defendant’s opposing affidavit raised defenses to plaintiffs claim, the court concluded that given the record as a whole, there were no genuine issues of material fact present. The court granted summary judgment in favor of plaintiff in the amount of $13,205, plus interest and attorney fees. Defendant appeals the judgment.
 

 DISCUSSION
 

 Initially, we note that in its appellate brief, the plaintiff contends the trial court erred in granting the defendant a continuance for additional time in which to file an opposing affidavit. However, since plaintiff neither applied for a writ seeking review of the court’s ruling nor answered the appeal, the issue concerning the continuance is not before this court.
 

 The defendant contends the trial court erred in granting summary judgment. Defendant argues that Miller’s affidavit creates an issue of fact as to whether defendant authorized and must pay for the work that is the basis of plaintiffs claim.
 

 Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that |3there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the initial burden of establishing the absence of a genuine issue of material fact. However, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain.
 
 Hardy v. Bowie,
 
 98-2821 (La.9/8/99), 744 So.2d 606. Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 NAB Natural Resources v. Willamette Industries, Inc.,
 
 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing summary judgment.
 
 Willis v. Medders,
 
 00-2507 (La.12/8/00), 775 So.2d 1049.
 

 The defendant submitted the affidavit of Miller, who stated that defendant had authorized plaintiff to replace the tub and
 
 *495
 
 shower valves only on the 11th floor in an attempt to correct a “hot water cross over” problem. Miller asserted that plaintiff then acted without authorization in replacing the tub and shower valves on additional floors. Miller also stated that defendant had paid plaintiff $35,104.25 for all of the authorized plumbing services performed and that the remaining balance at issue was plaintiffs attempt to bill defendant for other work that was not authorized.
 

 The invoice contained in the record shows that plaintiff replaced the tub and shower valves on the 9th floor and charged defendant $2,836 for the work. A factual inference reasonably drawn from Miller’s affidavit is that|4the amount billed for that job and the remaining balance allegedly due are not owed by defendant, because such work was not authorized. Thus, Miller’s affidavit demonstrates that an issue of material fact remains as to whether all of the work performed by the plaintiff was authorized by the defendant, such that defendant was liable to pay the alleged balance due of $13,205. Consequently, the trial court erred in granting the motion for summary judgment.
 

 Request for Admission
 

 The defendant contends the trial court erred in refusing to consider its tardy response to the request for admissions. Defendant argues that the court should have allowed the withdrawal of any admissions.
 

 Each matter of which an admission is requested shall be admitted unless, within 15 days after service of the request, the party to whom the request is directed serves upon the requesting party a written answer. LSA-C.C.P. art. 1467. Any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal when the merits of the action will be subserved thereby. LSA-C.C.P. art. 1468.
 

 In the present case, although the defendant’s denial of the request for admissions was untimely, defendant had denied plaintiffs claim by its answer to the petition. At the hearing on the motion for summary judgment, the court .stated that it would not consider defendant’s untimely response to the request for admissions of fact. Previously, this court has found that a party’s tardy filing of a response should be given effect and should ^constitute a withdrawal of the admissions.
 
 See Security National Trust v. Kalmback,
 
 613 So.2d 664 (La.App. 2d Cir.1993);
 
 Hoskins v. Caplis,
 
 431 So.2d 846 (La.App. 2d Cir.1983).
 

 Based upon this record and the jurisprudence, we find that the defendant’s filing of an untimely denial in response to the request for admission of facts constituted a withdrawal of any admissions. Therefore, the trial court abused its discretion in refusing to allow the defendant to withdraw the admissions.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to the appellee, Roach Plumbing & Heating, Inc.
 

 REVERSED AND REMANDED.