MARIE DESROSIER

VERSUS

LEXINGTON INSURANCE COMPANY AND
CERTIFIED CLEANING AND
RESTORATION, INC.

NO. 19-CA-495

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 749-779, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

July 29, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

**JUDGMENT VACATED; REMANDED**

> **RAC**
> **SJW**
> **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
MARIE ROSE DESROSIER
      Kevin J. Christensen

COUNSEL FOR DEFENDANT/APPELLEE,
CERTIFIED CLEANING AND RESTORATION, INC.
      Kevin C. O'Bryon

**CHAISSON, J.**

Marie Desrosier seeks review of the trial court's granting of summary judgment in favor of Certified Cleaning and Restoration, Inc. ("Certified") on the open account claim asserted by Certified against Ms. Desrosier in its reconventional demand and also on the claims asserted by Ms. Desrosier against Certified in her main demand. For the reasons that follow, we vacate the judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 8, 2014, Ms. Desrosier's house, located on Deerlick Drive in Jefferson Parish, was damaged by a fire. According to Ms. Desrosier, she promptly reported the fire to her homeowner's insurer, Lexington Insurance Company ("Lexington").

On December 12, 2014, Ms. Desrosier's daughter, Georgena Desrosier,[1] signed an Emergency Work Authorization with Certified, which authorized that company to "perform emergency repairs in the form of smoke damage cleaning/ contents cleaning/ pack-out." After cleaning the contents, Certified placed them in a storage facility pending renovation of Ms. Desrosier's house. On December 23, 2014, following completion of the fire and water damage restoration services, Georgena Desrosier signed a certificate expressing her satisfaction with the services performed by Certified. According to Certified, it invoiced $15,614.14 for its work on the structure and $13,000.00 for its work on the contents.

Dissatisfied with the handling of her claim, Ms. Desrosier filed a petition for damages against Lexington and Certified. With regard to Lexington, Ms. Desrosier alleged that Lexington failed to honor the appraisal clause in the

---

[1] There is a discrepancy in the record regarding the spelling of the name of Ms. Desrosier's daughter. In the petition for damages and Ms. Desrosier's affidavit, it is spelled "Georgena," whereas in some of the documents submitted by Certified, it is spelled "Georgiana." For consistency purposes, this opinion will use "Georgena."

insurance policy, improperly misrepresented the policy terms and unfairly forced its preferred vendor, Certified, upon Ms. Desrosier to perform immediate work, and violated Louisiana's Unfair Trade Practices Act.

With regard to Certified, Ms. Desrosier claimed that based on the misrepresentation that she had to use this insurance preferred vendor, her daughter signed the work authorization. In her petition, Ms. Desrosier alleged that Certified thereafter wrongfully removed many items from her house; that upon inspection, it was discovered that the items in Certified's possession had not been cleaned; and that Certified thereafter improperly submitted a bill to Lexington in the amount of $13,885.96. Ms. Desrosier also alleged that Certified improperly cleaned her fire and smoke damaged home and thereafter submitted an invoice for $15,614.14, despite the fact that Ms. Desrosier wanted replacement of the fire and smoke damaged parts of the home as well as an independent analysis before any work was done. Ms. Desrosier further asserted that she should not have to pay the amounts submitted by Certified because she was misled by both Lexington and Certified as to her rights under her policy of insurance. In addition to maintaining that she should not have to pay Certified, Ms. Desrosier also alleged that Certified committed the tort of conversion by holding her items at a storage facility despite her demand for release and further alleged that Certified violated Louisiana's Unfair Trade Practices Act.

Subsequent to the filing of her petition for damages, Ms. Desrosier reached a settlement with Lexington, and on June 29, 2015, the trial court signed an order that dismissed, with prejudice, all of Ms. Desrosier's claims against Lexington. In response to the claims made against Certified in Ms. Desrosier's petition, Certified filed an answer and reconventional demand, seeking payment for the services provided to Ms. Desrosier.

On August 13, 2018, Certified filed a motion for summary judgment alleging that the pleadings and evidence on file show that there is no genuine issue of material fact and requesting both a dismissal of Ms. Desrosier's claims in her main demand and an award of judgment on its reconventional demand on open account for the services provided to Ms. Desrosier. In its memorandum in support of its motion for summary judgment, Certified asserted that it provided fire and water damage restoration services at Ms. Desrosier's residence pursuant to written authorization, that it completed its services on December 23, 2014, at which time the customer executed a Certificate of Satisfaction, that it thereafter invoiced Ms. Desrosier $15,614.14 for work on the structure and $13,000.00 for the contents, and that Ms. Desrosier failed to pay for the services provided as well as the balance due for storage charges in the amount of $6,706.00.[2]

In support of its motion for summary judgment, Certified provided, as Exhibit A, the affidavit of Daniel J. Haag, the president of Certified. In his affidavit, which was executed on August 7, 2018, Mr. Haag attested to the following:

1. That he is the President of Certified Cleaning & Restoration, Inc., in which capacity he was directly involved with dealings with the homeowner and homeowner's representatives, supervised and monitored the actual work performed, and dealt directly with the rental of storage facilities for the homeowner's contents, in connection with fire and water damage restoration services at 2221 Deerlick, Harvey, Louisiana 70058;

2. That a written authorization for the performance of fire and water damage restoration services by Certified Cleaning & Restoration, Inc. was executed by or on behalf of the homeowner of 2221 Deerlick, Harvey, Louisiana 70058 on December 12, 2014, following a fire event of December 8, 2014, a copy of which is attached as Exhibit "A-1";

3. That a representative of the homeowner executed a Certificate of Satisfaction following the completion of Certified's services on or

---

[2] In its memorandum in support of its motion for summary judgment, Certified maintained that it is also entitled to an award of $4,000.00 in attorney fees for the prosecution of the claim on open account pursuant to La. R.S. 9:2781.

about December 23, 2014, a copy of which is attached as Exhibit "A-2";

4. That the fire and water damage restoration services provided by Certified Cleaning & Restoration Services, Inc. were in fact performed in satisfactory and workmanlike fashion;

5. That pursuant to the agreement with the homeowner, Certified issued an invoice for services rendered in connection with fire and water damage to the structure at 2221 Deerlick, Harvey, Louisiana 70058 in the total amount of $15,614.14;

6. That in connection with the fire and water damage restoration services performed on the contents at 2221 Deerlick, Harvey, Louisiana 70058, Certified issued an invoice in the amount of $13,885.96, which was reduced to $13,000.00 pursuant to agreement with the customer;

7. That Certified has never received any payment for either of these invoices, although the homeowner was reimbursed by her insurer;

8. That Certified thereafter incurred charges for the storage of the homeowner's contents from January, 2015 through October, 2016, in the total amount of $11,313.00;

9. That the total charges due in connection with storage should be reduced by $2,492.00, representing the charges for the first six months' storage, which Certified agreed with the homeowner to waive, and by $2,115.00, representing a single payment made on or about May 27, 2016, leaving a total balance due for storage charges in the amount of $6,706.00;

10. That Certified is due to recover $15,614.14 for structure, $13,000.00 for contents, and to be reimbursed $6,706.00 for storage expense, such that the total amount due is $35,320.14;

11. That all of the services provided by Certified Cleaning & Restoration Services, Inc. at 2221 Deerlick, Harvey, Louisiana 70058 were provided pursuant to the homeowner's prior authorization, and performed to the homeowner's expressed satisfaction, in the ordinary course of business; and,

12. That the above and foregoing is true and correct, and based upon my personal knowledge.

Two exhibits were attached to Mr. Haag's affidavit: 1) the Emergency Work Authorization dated December 12, 2014, signed by Georgena Desrosier, which authorized Certified "to perform emergency repairs in the form of smoke damage cleaning/ contents cleaning/ pack-out," at 2221 Deerlick Lane in Harvey (Exhibit

A-1)[3]; and 2) the Certificate of Satisfaction signed by Georgena Desrosier on December 23, 2014, in which she acknowledged that the work performed by Certified was performed to her satisfaction (Exhibit A-2).

In addition to the affidavit, Certified attached the requests for admissions sent to Ms. Desrosier's former attorney (Exhibit B) and to Ms. Desrosier personally (Exhibit C)[4] to its motion for summary judgment, which included the following three requests for admissions:

1. Lexington Insurance Company paid you in full for the invoices submitted by Certified Cleaning & Restoration, Inc., in the amounts of $13,885.96 for contents and $15,614.14 for structure.

2. You did not remit any funds, or make any payment, to Certified Cleaning & Restoration, Inc. in connection with the services rendered at 2221 Deerlick, Harvey, Louisiana 70058, except for the $2,115.00 payment made on or about May 27, 2016.

3. Other than the $2,115.00 payment made on or about May 27, 2016, you have never made any offer of any payment for the contents cleaning charges of Certified Cleaning & Restoration, Inc., or for the structure cleaning charges of Certified Cleaning & Restoration, Inc. or for the storage expense incurred by Certified Cleaning & Restoration, Inc.

In its memorandum in support of its motion for summary judgment, Certified maintained that the requests for admissions, which were never responded to and thus deemed admitted, and Mr. Haag's affidavit support the granting of its motion for summary judgment as these exhibits undisputedly showed that Certified's services were properly provided and that the amounts due were correct.

Ms. Desrosier thereafter filed a memorandum in opposition to Certified's motion for summary judgment. Therein, Ms. Desrosier claimed that summary

---

[3] The Emergency Work Authorization also provided, in pertinent part, the following: "We further agree to pay or direct payment to Certified Cleaning & Restoration, Inc. upon receipt of their invoice for their services, in accordance with their work order, a copy of which is attached .... We acknowledge that any portion of work not covered by insurance company, such as deductibles, or additional work requested by us, must be paid by us on or before completion of work. We agree for our insurance company, Lexington, to pay Certified Cleaning & Restoration, Inc. for their work upon completion of emergency repairs and services."

[4] Exhibit D is the certified mail receipt for the requests for admissions sent to Ms. Desrosier.

judgment is precluded because Certified failed to establish the *prima facie* existence of an open account or even a valid and enforceable contract. In support of this argument, Ms. Desrosier pointed out that Certified merely presented the self-serving testimony of its alleged president, Mr. Haag, and failed to offer the billing summary, itemized invoices, or costs of materials or estimates. Ms. Desrosier further noted that Mr. Haag did not identify himself as his company's records custodian or seek to explain any of his company's billing practices or record-keeping protocols. Additionally, Ms. Desrosier noted that Certified failed to submit a contract signed by the actual homeowner but rather only provided a document signed by an alleged agent, for whom no authority was established.

Ms. Desrosier attached two exhibits to her opposition to Certified's motion for summary judgment. In her personal affidavit, attached as "Exhibit A," Ms. Desrosier asserted that the only language she can speak is Haitian Creole, that she cannot read or write in any language, and that she has learned to partially write her name as her "mark." She thereafter attested that she did not hire "Mr. Danny," that she did not make her "mark" on the papers her daughter, Georgena Desrosier, showed to her, that she did not give Mr. Danny permission to clean and store her furniture, and that he threw away some of the items he was supposed to store.[5] In her affidavit, Ms. Desrosier set forth the poor quality of the work performed by Certified as well as her belief that Mr. Danny worked for and would be paid by the insurance company.

As "Exhibit B" to her opposition, Ms. Desrosier attached her late answers to Certified's requests for admissions. Therein, she denied that she was paid in full by Lexington for the invoices submitted by Certified and claimed that "Joey" (her former attorney) was paid by the insurance company, admitted that the only

---

[5] In her affidavit, Ms. Desrosier stated that her daughter, Georgena, read her Mr. Danny's affidavit and that "[i]t is not true."

payment she made was $2,115.00 to the "insurance guy" to prevent him from throwing away her family photographs and other keepsakes, and was "unable to admit or deny" whether she ever made any offer of payment to Certified other than the $2,115.00 payment.[6]

Thereafter, Certified filed a reply memorandum asserting that Ms. Desrosier's opposition failed "to provide an evidentiary basis to dispute Certified's sworn contention that the services it provided at Desrosier's home were properly authorized and satisfactorily performed, and subject of payment in full by Desrosier's insurer." Further, Certified objected to Ms. Desrosier's affidavit (Exhibit A) as deficient in form and substance and to her answers to Certified's requests for admissions (Exhibit B) as untimely.

On May 7, 2019, Certified's motion for summary judgment was heard, submitted, and taken under advisement. On June 7, 2019, the trial court granted Certified's motion for summary judgment as to the claims asserted by Ms. Desrosier against Certified in the main demand and as to the claim asserted by Certified against Ms. Desrosier in the reconventional demand for failure to pay for services on an open account. The trial court thereafter dismissed, with prejudice, the claims asserted by Ms. Desrosier in the main demand against Certified. With regard to the reconventional demand, the trial court ordered judgment in favor of Certified and against Ms. Desrosier on the claim of failure to pay for services on an open account in the amount of $35,320.14 for damages, together with judicial interest from the date of judicial demand. In addition, the trial court awarded attorney fees to Certified in the amount of $4,000.00 pursuant to La. R.S. 9:2781.[7]

---

[6] In explaining that response, Ms. Desrosier stated: "Joey told me that I didn't have to pay. The Insurance was supposed to pay the Insurance Guy."

[7] The trial court designated its judgment as a final judgment.

Ms. Desrosier now appeals the trial court's granting of summary judgment in favor of Certified. In her appellate brief, she asserts that summary judgment is precluded because Certified failed to meet its burden of proof and because numerous material factual issues are in dispute. Ms. Desrosier specifically argues that Certified failed to establish the existence of an open account, noting that Mr. Haag's affidavit was inadequate to meet Certified's required burden of proof. Ms. Desrosier points out that Mr. Haag does not identify himself as the custodian of records as required by law, and provides no invoices, correspondence, or other documentation supporting the claimed amounts due. She further asserts that Certified failed to establish the existence of a contract with Ms. Desrosier, noting that the work authorization and Certificate of Satisfaction were not signed by her, and no proof was offered to show that person's authority to sign as Ms. Desrosier's representative.

In contrast, Certified maintains that it undisputedly showed, by the exhibits introduced in connection with its summary judgment motion, that Certified's services were properly provided and that the amounts due were correct. Therefore, it maintains that summary judgment was properly granted.

Although it appears that Certified performed cleaning and restoration services for Ms. Desrosier, we find, for the following reasons, that Certified did not present sufficient evidence to warrant the granting of summary judgment on its open account claim against Ms. Desrosier. Additionally, we find that Certified did not carry its burden of proof regarding Ms. Desrosier's claims against Certified to warrant the granting of summary judgment in Certified's favor on those claims.

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Upton v. Rouse's Enterprise, LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1198, *writ*

*denied*, 16-580 (La. 5/13/16), 191 So.3d 1057. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).

According to La. C.C.P. art. 966(A)(3), a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1) sets forth the burden of proof in a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Nions v. Richardson*, 10-610 (La. App. 5 Cir. 3/9/11), 62 So.3d 217, 219. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Ricalde v. Evonik Stockhausen, LLC*, 16-178 (La. App. 5 Cir. 9/22/16), 202 So.3d 548, 551-52, *writ denied*, 16-1923 (La. 12/16/16), 212 So.3d 1170.

In order to sustain an action on open account, a creditor bears the burden of proving the demand by a preponderance of the evidence.[8] To prove an open

---

[8] Pursuant to La. R.S. 9:2781, an "open account" includes any account for which a part or all of the balance is past due, whether it reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.

account, the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once the creditor has established a *prima facie* case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. *Kaye v. Karp*, 19-194 (La. App. 5 Cir. 12/30/19), 286 So.3d 1281, 1287; *Ochsner Clinic Foundation v. Arguello*, 11-326 (La. App. 5 Cir. 11/29/11), 80 So.3d 622, 625.

*Certified's Suit on Open Account*

In the present case, Ms. Desrosier contends that Certified failed to establish the existence of an open account, noting that Mr. Haag's affidavit was inadequate to meet Certified's required burden of proof. Ms. Desrosier points out that Mr. Haag does not identify himself as the custodian of records as required by law, and provides no invoices, correspondence, or other documentation supporting the claimed amounts due. In contrast, Certified contends that Mr. Haag's affidavit alone fully satisfies all elements of *prima facie* proof on open account. We disagree with Certified's contention.

La. C.C.P. art. 966(A)(4) provides that the only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. With regard to affidavits, La. C.C.P. art. 967(A) sets forth the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be

supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

In Mr. Haag's affidavit, he attests that Certified issued invoices for $15,614.14 for services rendered in connection with fire and water damage to the structure at 2221 Deerlick and for $13,000.00 in connection with fire and water damage restoration services performed on the contents of the residence. Mr. Haag also states that Certified incurred storage charges for the contents in the total amount of $11,313.00. With regard to the storage charges, Mr. Haag states that it waived $2,492.00 and that Ms. Desrosier paid $2,115.00 of those charges, leaving a balance due of $6,706.00. Despite Mr. Haag's repeated references to the invoices for the services it performed, those invoices were not attached to his affidavit.[9] Further, no documentation verifying the amount of the storage charges were attached to Mr. Haag's affidavit.

La. C.C.P. art. 967(A) is clear that sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. As Certified failed to attach any invoices or documents supporting the amounts claimed to be due by Ms. Desrosier, we find that Certified has not met its initial burden of proving the accuracy of the account, thereby precluding the granting of summary judgment on its open account claim.

In its appellate brief, Certified cites *W. Handlin Marine, Inc. v. Gulf States Marine, Inc.*, 624 So.2d 907 (La. App. 5th Cir. 1993), *writ denied*, 93-2851 (La. 1/13/94), 631 So.2d 1166, to support its contention that the testimony of the company president can prove a *prima facie* case. Certified's reliance on this case

---

[9] We note that although Certified attached an Emergency Work Authorization to its motion for summary judgment, that document does not provide a set dollar amount for the services to be performed or state the method, or rate, upon which Ms. Desrosier would be charged for the services. It does state that payment would be made upon "receipt of their invoice for their services, in accordance with their work order, a copy of which is attached;" however, no work order was attached to the Emergency Work Authorization filed by Certified. Furthermore, the Certificate of Satisfaction signed by Ms. Desrosier's daughter and attached to Certified's motion for summary judgment does not acknowledge receipt of invoices, makes no reference whatsoever to invoices, and does not indicate the dollar amount of any charges for services for which Ms. Desrosier was purportedly satisfied.

to support its position that the affidavit of Mr. Haag alone fully satisfies all elements of *prima facie* proof of the open account is misplaced.  First, the *W. Handlin Marine* case involved a trial on the merits of an open account claim.  Second, the evidence in that case was not limited to the testimony of the company president, but rather, the trial court also considered documentary evidence in finding that the open account claim had been proven.

Although Certified, in its appellate brief, contends that Mr. Haag's affidavit alone is sufficient to satisfy its burden of proof for summary judgment on its open account, it also argues that its requests for admissions directed to Ms. Desrosier, which were not timely answered and thus deemed admitted pursuant to La. C.C.P. art. 1467, support its position that there is no dispute that the services were properly provided and the amounts due are correct, thus entitling it to summary judgment on the open account.

We initially note that the trial court seemingly allowed these admissions to be withdrawn, as evidenced by its discussion of Ms. Desrosier's actual responses in its reasons for judgment.[10]  Moreover, even if we accept Certified's contention that Ms. Desrosier's failure to timely respond required that the requests for admissions be deemed admitted, those admissions would not change our determination that Certified failed to meet its burden of proving the *accuracy* of the account.  We particularly note that the requests for admissions, like Mr. Haag's

---

[10] Ms. Desrosier ultimately submitted her answers to Certified's requests for admissions, as Exhibit B, with her memorandum in opposition to Certified's motion for summary judgment.  Thereafter, at the hearing on the motion for summary judgment, Ms. Desrosier's attorney suggested that her answers should be "permitted and respected," noting that her previous attorney had "abandoned her in between when they were submitted."  In the subsequent reasons for judgment on the summary judgment motion, the trial court acknowledged Certified's contention that since Ms. Desrosier's responses were not timely, the facts contained in its requests for admissions should be deemed admitted pursuant to La. C.C.P. art. 1467.  However, the trial court thereafter discussed Ms. Desrosier's responses.  Accordingly, it appears that Ms. Desrosier's late filing of the answers and her attorney's suggestion that her answers be permitted can be construed as a request for the withdrawal of the admissions, which the trial court implicitly allowed as evidenced by its discussion of Ms. Desrosier's responses in its reasons for judgment.  We find no abuse of the trial court's discretion in allowing the withdrawal of the admissions.  *See* La. C.C.P. art. 1468 which allows for the withdrawal of admissions.  *See also Roach Plumbing & Heating Inc. v. Fairfield Towers, LLC*, 44,551 (La. App. 2 Cir. 8/19/09), 17 So.3d 493, 495 (where the Second Circuit found that the defendant's filing of an untimely denial in response to the request for admissions of facts constituted a withdrawal of any admissions).

affidavit, merely set forth the alleged total of the amounts due for cleaning of the contents and structure, but did not attach supporting invoices to the requests.[11]

Furthermore, we note that Certified's requests for admissions do not even mention storage charges, much less set forth an amount for those services or attach invoices for those services.[12] In our opinion, these deficiencies render the requests for admissions, even if deemed admitted, insufficient to establish the *accuracy* of the open account on which Certified seeks summary judgment.

*Ms. Desrosier's claims against Certified*

As to Ms. Desrosier's claims against Certified, because Certified will not bear the burden of proof on those claims at trial, its burden on that portion of its motion for summary judgment was to "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). Although Certified filed for summary judgment on both its claim on open account against Ms. Desrosier and on Ms. Desrosier's claims against Certified, its supporting evidence and arguments to the trial court addressed solely its claim against Ms. Desrosier. A review of Certified's supporting memorandum, its attached exhibits, and counsel's arguments to the trial court at the summary judgment hearing, reveal that there was no argument or discussion regarding Ms. Desrosier's claims against Certified.[13] We find that Certified has failed to carry its burden to point out to the court the absence of factual support for one or more elements essential to Ms. Desrosier's claims.[14] We

---

[11] Ms. Desrosier had previously denied that these amounts were due in her answer to Certified's reconventional demand.

[12] We find this particularly troublesome in light of the fact that the storage services were not provided by Certified itself, but by a third-party.

[13] The singular reference to Ms. Desrosier's claims against Certified was counsel's statement at the hearing that he was "not a hundred percent clear what the claim is."

[14] To the extent that Certified's position regarding Ms. Desrosier's claims, under a very liberal construction, might be presumed to be that Certified's entitlement to summary judgment on its open account would tend to negate Ms. Desrosier's ability to potentially prove any of her claims rooted in her dissatisfaction with Certified's services, we conclude that our vacating Certified's summary judgment on

therefore conclude that genuine issues of material fact remain regarding Ms. Desrosier's claims against Certified and accordingly vacate Certified's summary judgment as to those claims.

## CONCLUSION

Having found that Certified failed to carry its burden of proof on both its claim against Ms. Desrosier on an open account and on Ms. Desrosier's claims against Certified, and that genuine issues of material fact remain as to both claims, we hereby vacate the summary judgment in favor of Certified on both claims and remand the matter to the trial court for further proceedings.

**JUDGMENT VACATED;
REMANDED**

---

its open account would also necessitate us vacating Certified's summary judgment dismissing Ms. Desrosier's claims.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 29, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-495

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
KEVIN J. CHRISTENSEN (APPELLANT)        KEVIN C. O'BRYON (APPELLEE)        KASSIE LEE RICHBOURG (APPELLEE)

**MAILED**
KATHLEEN E. SIMON (APPELLEE)        DAVID P. VICKNAIR (APPELLEE)
ATTORNEY AT LAW                     DEANDRA DE NAPOLI (APPELLEE)
1010 COMMON STREET                  ATTORNEYS AT LAW
SUITE 1950                          909 POYDRAS STREET
NEW ORLEANS, LA 70112               SUITE 1100
                                    NEW ORLEANS, LA 70112